ROBERT R. WESTOVER, as Executor, etc., Respondent, *v.* THE ÆTNA LIFE INSURANCE COMPANY, Appellant.

Under the provisions of the Code of Civil Procedure (§§ 834, 836), prohibiting a physician or surgeon from disclosing information acquired by him while attending a patient, and declaring that the prohibition shall apply to every examination of a person as a witness unless expressly waived by the patient, any party to an action can object to evidence coming within the prohibition, and the objection can only be waived by the patient himself.

Upon his death, therefore, the privilege of waiver ceases ; his executor or administrator may not exercise it.

*It seems* that the same rule applies to the other classes of privileged communications; *i. e.*, as to confessions made to a minister, or communications made by a client to his attorney.

In an action upon a policy of life insurance, which contained a clause avoiding it in case the insured committed suicide or died by his own hand, it appeared that the insured hanged himself. The plaintiff claimed that he was insane at the time. A physician who attended the deceased a short time before his death was asked by plaintiff as a witness, "How did you find him ?" This was objected to by defendant as within the prohibition of the Code. The court overruled the objection. *Held*, error.

(Argued March 20, 1885; decided April 14, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made January 23, 1884, which denied a motion for a new trial and affirmed a judgment entered on a verdict.

The nature of the action and the material facts are stated in the opinion.

*Rollin Tracy* for appellant. The evidence of Dr. Briggs, as a witness for the plaintiff, should have been excluded as

privileged under section 833 of the Code of Civil Procedure under the objection of the defendant. (*Pierson* v. *People*, 79 N. Y. 424; *Edington* v. *Met. L. Ins. Co.*, 67 id. 195 ; *Staunton* v. *Parker*, 19 Hun, 59 ; *Parish Will Case*, 25 N. Y. 9 ; *Grattan* v. *Met. L. Ins. Co.*, 80 id. 297.)

*S. E. Payne* for respondent.   The plaintiff is the personal representative of the assured, and as such had a right to waive the privilege of the statute, which he did by calling as a witness the physician who attended him. (Code, § 836 ; *Stanton* v. *Parker*, 19 Hun, 55 ; *Edington* v. *Mut. Life Ins. Co.*, 67 N. Y. 196 ; Greenleaf, § 243.)

EARL, J.   This action was commenced upon a life insurance policy issued to the plaintiff's testator.   It was provided in the policy that it should be void if the insured should commit suicide or die by his own hand.   He hanged himself, and upon that ground the action was mainly defended.   The plaintiff gave evidence tending to show that the testator hanged himself while insane, and the question was submitted to the jury for their determination whether the hanging was the voluntary, conscious, willing act of the testator, or whether he was at the time so insane that he was either unconscious of the act which he performed, or was unable to understand what the physical consequences of it would be; and upon that question the jury found for the plaintiff.   In the course of the trial the plaintiff called a physician who had known the insured for a long time, and who attended him professionally a short time before his death.   He testified that he visited him first in June, 1881, and he was asked this question : " State how you found him ? " The counsel for the defendant objected to the question on the ground that " the evidence was incompetent and privileged under section 834 of the Code of Civil Procedure, viz. : the witness being a practicing physician, and the evidence being a disclosure of information acquired by him in attending Gove in a professional capacity, and necessary to enable him to act in that capacity, and the witness should not be allowed to tes-

tify and disclose the information so acquired." The court
overruled the objection, and the witness answered at length,
giving important evidence as to the mental and physical condi-
tion at that time, and subsequently of the insured. The claim
of the learned counsel for the respondent on the argument
before us was that the plaintiff, as the personal representative
of the deceased, could waive the seal which the statute puts
upon such evidence, and upon that ground the ruling of the
trial judge was sustained by the General Term.

Section 833 of the Code provides that "a clergyman, or
other minister of any religion, shall not be allowed to disclose
a confession made to him, in his professional character, in the
course of discipline enjoined by the rules or practice of the
religious body to which he belongs." Section 834 provides
that "a person, duly authorized to practice physic or surgery,
shall not be allowed to disclose any information which he
acquired in attending a patient in a professional capacity, and
which was necessary to enable him to act in that capacity."
Section 835 provides that "an attorney or counselor at law shall
not be allowed to disclose a communication made by his client
to him, or his advice given thereon in the course of his pro-
fessional employment;" and section 836 provides that "the last
three sections apply to every examination of a person as a wit-
ness, unless the provisions thereof are expressly waived by the
person confessing, the patient or client." It is thus seen that
clergymen, physicians and attorneys are not only absolutely
prohibited from making the disclosures mentioned, but that by
an entirely new section it is provided that the seal of the law
placed upon such disclosures can be removed only by the express
waiver of the persons mentioned. Thus there does not seem
to be left any room for construction. The sections are absolute
and unqualified. These provisions of law are founded upon
public policy, and in all cases where they apply the seal of the
law must forever remain until it is removed by the person con-
fessing, or the patient or the client. (*Edington* v. *Mutual
Life Ins. Co.*, 67 N. Y. 185; *Edington* v. *Ætna Life Ins.
Co.*, 77 id. 564; *Pierson* v. *People*, 79 id. 424; *Grattan* v.

*Metropolitan Life Ins. Co.*, 80 id. 281.) In Greenleaf on Evidence, section 243, speaking of communications made to an attorney, the learned author says: " The protection given by the law to such communications does not cease with the termination, of the suit, or other litigation or business in which they were made; nor is it affected by the party ceasing to employ the attorney and retaining another ; nor by any other change of relations between them; nor by the death of the client. The seal of the law once fixed upon them remains forever, unless removed by the party himself, in whose favor it was there placed. It is not removed without the client's consent, even though the interests of criminal justice may seem to require the production of the evidence." In Wharton on Evidence, section 584, it is said that the privilege of the client may be waived by him, but that " the evidence of the waiver must be distinct and unequivocal." In *Pierson* v. *People* it was said : " The plain purpose of this statute was to enable a patient to make known his condition to his physician without the danger of any disclosure by him which would annoy the feelings, damage the character, or impair the standing of the patient while living, or disgrace his memory when dead." In *Grattan* v. *Metropolitan Life Ins. Co.*, DANFORTH, J., said : " The case before us is not one where the witness was called in for the first time after the death of the patient, but one where the lips of the physician were sealed during the life of the patient, and where, although by death he loses the patient, his lips must remain closed. It was held under the old law that the seal must remain until removed by the patient; and it is now so provided by statute."

The purpose of the laws would be thwarted, and the policy intended to be promoted thereby would be defeated, if death removed the seal of secrecy from the communications and disclosures which a patient should make to his physician, or a client to his attorney, or a penitent to his priest. Whenever the evidence comes within the purview of the statutes, it is absolutely prohibited, and may be objected to by any one unless it be waived by the person for whose benefit and protec-

tion the statutes were enacted. After one has gone to his grave the living are not permitted to impair his fame and disgrace his memory by dragging to the light communications and disclosures made under the seal of the statutes. An executor or administrator does not represent the deceased for the purpose of making such a waiver. He represents him simply in reference to rights of property, and not in reference to those rights which pertain to the person and character of the testator. If one representing the property of a patient can waive the seal of the statute because he represents the property, then the right to make the waiver would exist as well before death as after, and a general assignee of a patient for the purpose of protecting the assigned estate could make the waiver; and yet it has been held that an assignee in bankruptcy is not empowered to consent that the professional communications of his assignor shall be disclosed. (*Bowman* v. *Norton*, 5 C. & P. 177.) In *Edington* v. *Mutual Life Ins. Co.* (67 N. Y. 185), it was not decided nor stated that a personal representative could waive the protection of the statutes, but it was held that the personal representative or assignee of the patient could make the objection to evidence forbidden by the statute; and the opinion might have gone further and held that any party to an action could make the objection, as the evidence in itself is objectionable, unless the objection be waived by the person for whose protection the statutes were enacted.

Without further discussion or citation of authorities, we think the statute admits of no other construction than that, where the evidence comes within the prohibition of the statute, its reception, if objected to, can be justified only when the patient, penitent or client, as the case may be, waives the protection the statutes give him.

We are, therefore, of opinion that for the error in the reception of the evidence objected to, the judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.