MARY RENIHAN, APPELLANT, *v.* MARTHA A. DENNIN, INDIVIDUALLY AND AS EXECUTRIX, ETC., OF JAMES DENNIN, DECEASED, RESPONDENT.

*Evidence — a physician cannot testify as to information acquired while attending a patient — no one but the patient can waive the privilege — Code of Civil Procedure, secs. 834, 836.*

Upon the trial of issues framed by the court, in a proceeding instituted to have a will admitted to probate, the contestant, in order to establish the mental incapacity of the deceased to execute the will, called a physician, who had been called in consultation with the physician attending the deceased, and offered to prove by him what he then saw and learned as to the condition of the deceased:

*Held,* that the testimony was properly excluded as inadmissible under sections 834 and 836 of the Code of Civil Procedure.

APPEAL from a judgment, entered upon the verdict of a jury upon special issues, and from a decree of the surrogate of the

county of Rensselaer, admitting the will of James Dennin to probate.

The will of James Dennin was presented to the surrogate of Rensselaer county, and by him admitted to probate. Upon appeal the General Term of the Supreme Court reversed the decree of the surrogate and sent the case to the Rensselaer Circuit to be tried upon certain issues framed by the court touching the testamentary capacity of the said Dennin. The issues were tried at a Rensselaer Circuit, held May, 1885, before Mr. Justice PECKHAM and a jury. The jury found in favor of the proponent of the will upon all the issues submitted.

Upon the trial it appeared that Dr. Burton was the attending physician of the deceased, and a witness to his will. The will was executed the same day Dennin died, and but a short time previous to his death. Shortly before the execution of the will, and in the evening of the day on which Dennin died, Dr. Bontecou was called in consultation with Dr. Burton, and in his company made an examination of the deceased. On the trial of the cause the contestant called Dr. Bontecou as a witness, and offered to prove by him what he saw and learned of the condition of the deceased while thus attending him. This was objected to by the proponent, and the objection was sustained by the court.

*E. Countryman*, for the appellant.

*Charles E. Patterson*, for the respondent.

LANDON, J. :

Section 834 of the Code provides that " a person duly authorized to practice physic or surgery shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to attend in that capacity."

Section 836 provides that section 834 shall " apply to every examination of a person as a witness unless the provisions thereof are expressly waived by the person confessing the patient or the client."

In our opinion the testimony offered fell directly within the exclusion commanded by the statute, and we are not cited to any

authority which in our opinion will justify us in disregarding its plain direction. Argument founded upon considerations of necessity seems to be irrelevant. The recent case of *Westover* v. *Ætna Insurance Company* (99 N. Y., 56) confirms us in these views.

Following the statute we affirm the judgment and order, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.