JENNIE HOPE, RESPONDENT, *v.* THE TROY AND LANSING-BURGH RAILROAD COMPANY, APPELLANT.

*Negligence — duty of a person injured, not to aggravate the injury by carelessness — how far the question as to the act being prudent depends upon the feeling of the person — the fact that the plaintiff calls one of three physicians does not authorize the defendant to call the other two — Code of Civil Procedure, secs. 834–836.*

Through the negligence of the defendant's servants the plaintiff, as she was about to enter one of the defendant's cars, was so injured as to cause her to miscarry the same night, in consequence of which she subsequently suffered from cellulitis, which resulted in a permanent retroversion of the womb and impairment of her health. Upon the trial the defendant, after giving evidence tending to show that the plaintiff within a few days after her miscarriage went out upon the street on a cold stormy day, and that such exposure was calculated to aggravate her disorder, asked the court to charge the jury, that if they found that she did by such exposure "produce a subsequent development or condition of her disease which would not have existed but for that, then for that condition the defendant is not liable in any event."

*Held,* that the request was properly refused because it did not permit the jury to determine whether her exposure was negligent under the circumstances, or whether, independently of her injury, it caused her subsequent ill-health.

The court charged that the plaintiff was bound to take ordinary care of herself; that whether she was guilty of negligence in going out so soon after her miscarriage, would depend upon whether she *felt* she was not well enough, but went out recklessly and carelessly, or whether she *felt* that she was fairly urged to go out in pursuit of her business, and *felt* that in doing so she was not guilty of any want of fair care and caution.

*Held,* that the charge was proper; that the test submitted by the court was whether she fairly acted in obedience to her own judgment as to what was prudent. (LEARNED, P. J., dissenting on the ground that the defendant was entitled to require that the plaintiff should act prudently, and was not liable if she *acted imprudently,* although she *felt* her act to be prudent.)

The plaintiff had had three physicians, each one at a different time from the others. Upon the trial she called one of them and he gave testimony as to the extent and character of her injuries. The defendant having called the other two their testimony was rejected, under the objections of the plaintiff that it was inadmissible under sections 834–836 of the Code of Civil Procedure.

*Held,* that it was proper to sustain the objection; that the plaintiff by waiving her right in respect to one physician did not authorize the defendant to call the others.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury for $3,500 at the Albany Circuit; also, from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover for injuries alleged to have been caused by the defendant's negligence. The plaintiff, on the evening of November 23, 1883, was about to enter one of the defendant's street cars, which was then standing at the usual place of starting. She had one hand upon the rail of the rear platform, one foot upon the step, and she was in the act of ascending the step, the weight of her body resting upon the foot upon the step, when, without warning, the car suddenly started and threw her against the iron rail, thereby slightly injuring her foot and so seriously injuring her body, as to result in her miscarriage the same night. The jury gave her a verdict for $3,500.

*E. L. Fursman,* for the appellant.

*J. F. Crawford,* for the respondent

LANDON, J. :

It was an important question upon the trial whether all the injuries of which the plaintiff complained were properly chargeable to the negligence of the defendant. The evidence given by the plaintiff tended to show that in addition to the miscarriage which she underwent, immediately following the injury, she had in consequence suffered from cellulitis, which had resulted in a permanent retroversion of the womb and permanent impairment of her health. Evidence was given, on the part of the defendant, tending to show that the plaintiff, within a few days after her miscarriage, went out upon the street on a cold stormy day, and that such exposure was calculated to aggravate her disorder. The defendant asked the court to instruct the jury that if they found that she did, by such exposure, " produce a subsequent development or condition of her disease, which would not have existed but for that, then for that condition the defendant is not liable in any event."

The court declined to charge as requested, but did charge that the plaintiff was bound to take ordinary care of herself; that whether she was guilty of negligence in going out so soon after her miscarriage would depend upon whether she felt she was not well enough, but went out recklessly and carelessly, or, whether she felt that she was fairly urged to go out in pursuit of her business, and felt that in doing so she was not guilty of any want of fair care and

caution. To this charge and to the refusal to charge as requested, the defendant excepted.

The request to charge was properly refused because it did not permit the jury to determine whether her exposure was negligent under the circumstances, or whether independently of her injury it caused her subsequent ill health. We think there was no error in the instruction given. The test submitted by the court was whether she fairly acted in obedience to her own judgment as to what was prudent. There was no suggestion by defendant that she went out in disobedience to medical or other competent advice. The counsel for defendant cites authority to the effect that the negligence of a party is to be determined upon the facts and circumstances of the case, and not upon the opinion of the acting party. We do not contest this proposition; it refers to the opinion given by the party as a witness upon the trial. Here the opinion of the party was the one upon which she acted, and this was a most important circumstance. Presumably her experience and observation had qualified her to decide such a question in its ordinary phases. But if not, then it was the defendant's misfortune that it had injured a person not well qualified to act so as to secure complete restoration to health. If she acted in good faith, but misjudged, she did the best that could naturally and reasonably be expected from her. She could not endow herself with any more wisdom and prudence than she had, and if from the lack of them she enhanced her injury, that injury, in her case, was, as was said in *Sauter* v. *New York Central and Hudson River Railroad Company* (66 N. Y., 52), a natural consequence of defendant's acts.

If she was ignorant of the further ills which the defendant's wrongful act would bring upon her, if she continued to act as her own best judgment dictated, it would seem to be a harsh rule that would cast the sole consequences of those further ills upon herself, as the penalty of her lack of better advice. She was not a volunteer in the care of her ailment. The defendant thrust that burden upon her. Her honest misjudgment, under such circumstances, is not negligence. The true question is, who was the proximate cause of those further ills, she or the railroad company? A wrongful act begins a sequence of harmful effects; an intervening innocently misjudged act of the victim aggravates the harmful effects; but the

latter act would have been harmless if the original wrong were not still operative. It now operates more harshly. But it is from its harsher operation that the plaintiff suffers. The original wrongful cause continues to the end and accomplishes the whole result, and is, therefore, the proximate cause. (*Vandenburgh* v. *Truax*, 4 Denio, 464; *Pollett* v. *Long*, 56 N. Y., 200.)

The plaintiff had had three physicians, each one at a different time from the other. She called one of them and he gave testimony as to the extent and character of her injuries. The defendant called the other two, and plaintiff objected under sections 834–836 of the Code, to their disclosure of any information they had obtained in their professional visits. The objection was sustained. The Code and the authorities justify the ruling. (*Westover* v. *Ætna Life Ins. Co.*, 99 N. Y., 56.)

The defendant urges that when the plaintiff waived her right with respect to one physician, she opened the case to the others, but the statute does not seem to permit such construction. No other points are urged by the defendant.

The judgment and order must be affirmed, with costs.

BOCKES, J., concurred.

LEARNED, P. J. (dissenting):

Admitting that the request of the defendant to the court to charge that it was not liable for subsequent development of disease, caused by plaintiff's exposure, was too broad, inasmuch as it did not submit to the jury the question of her negligence in such exposure, still it seems to me that there was error in the subsequent charge of the court.

The court said that the question of plaintiff's negligence, in going out so soon, would depend upon "whether she felt that she was fairly urged to go out in pursuit of her business, and felt that in so doing she was not guilty of any want of fair care and caution." Now, where a person is negligent he does what an ordinarily prudent person would not do. The question is not whether he does what he *thinks* or *feels* to be careful, but whether he does what is careful. The test does not consist in the thought of the person who acts, but in the quality of the act, as compared with the act of an ordinarily prudent person. To illustrate this, let us suppose that

the plaintiff's act was, in fact, perfectly careful and prudent, as shown by unquestioned evidence, but that she ignorantly *thought* that it was imprudent and careless, and it proved to be injurious in result. Now, according to the language of the court, her act would have been negligent because she *felt* it to be negligent, although in fact there was no negligence whatever in it. And the question whether the defendant should be liable for the development of disease subsequent to her act, would depend not on the prudence or imprudence of the act, but upon her opinion of its character.

I think this cannot be correct. The defendant was entitled to require that plaintiff should act prudently. Of course she could not foresee all consequences. And if prudent action on her part should result unfortunately in increasing the bad effect of the injury, the defendant might be liable even for that increase. But if by imprudent acts she increased the effect of the injury, it cannot be liable for such increase on the ground that she *felt* that she was prudent. It appears to me that there was error in submitting to the jury, as the test whether the defendant was or was not liable for the alleged increased injury, the question of the plaintiff's thoughts and feelings, and not the question of the character of her act. I do not mean that she should be required to have the knowledge of an experienced physician, as to the prudence or imprudence of her act. On the other hand I think she was bound to exercise ordinary prudence, and that an imprudent act could not be justified by her *feeling* that it was prudent. The increased injury which arose from her exposure would not naturally have followed as a result of the accident. The liability of the defendant, therefore, if it is to be liable, must rest on the ground that such increased injury came in the usual course of action of any ordinarily prudent person. If it came from a foolish, unwise and careless course of action of the plaintiff they should not be responsible for it.

Therefore, I think, there should be a new trial.

Judgment and order affirmed, with costs.