IN THE MATTER OF THE PROBATE OF THE LAST WILL, ETC., OF
WINIFRED AUSTIN, DECEASED.

*Evidence—admissibility of the testimony of counsel as to communications had with
a deceased person whose will he drew — Code of Civil Procedure, secs. 835, 836.*

Upon a hearing in a Surrogate's Court of an application for the probate of a
will, which was resisted on the ground of undue influence, the counsel of the
testatrix, by whom the will and codicils were prepared under her direction,
and who superintended, as such counsel, their execution and publication,
was called as a witness to show what transpired between the testatrix and
himself, when he was called upon to prepare the will and codicils, in the process
of their preparation and publication.

*Held,* that an objection to his testimony, as inadmissible under sections 835 and
836 of the Code of Civil Procedure, was properly overruled as without merit.

That if this were not so it should not defeat the probate of the will in this case,
because, even if the testimony of the counsel, so far as objected to, were
eliminated from the case, there would still be evidence remaining which
would not justify a finding that the will and codicils were made by the
decedent under what the law recognizes to be undue influence.

APPEAL from the decree of the Surrogate's Court, admitting to
probate the will and three codicils thereto of Winifred Austin.

*W. S. Logan* and *George Bliss,* for the appellants.

*Henry S. Sprague* and *Theodore W. Dwight,* for the respondent.

*James J. Thompson,* guardian *ad litem,* for defendants.

DAVIS, P. J.:

The decree of the surrogate admits to probate the will of the
decedent and three codicils thereto.  Mrs. Austin, the testatrix, was
the widow of William Austin, and by the will of her husband
she was the devisee and legatee in trust of all his property, real and
personal, for her own use during her life, with power by her last
will and testament to appoint and divide the same amongst their
four sons and Jane Oakes, their daughter, and the children of a
deceased son, in such shares and proportions as she might direct.
The wills and codicils in controversy dispose of the *corpus* of the
trust amongst the children and grandchildren, and also the property
of the testatrix derived and saved from the income of the trust in

her favor, etc. The due and proper publication of the will and codicils by Mrs. Austin was fully established, and no evidence was given on the part of the contestants controverting her testamentary capacity. It was, however, asserted, and is still insisted on their part, that her will and codicil were induced by and resulted from undue influence exerted and used over her by her daughter, Mrs. Oakes, and the children of Mrs. Oakes, who are the chief objects of her bounty under such will and codicils. Upon this question the contestants held the affirmative. It was for them to show, by satisfactory evidence, that the will and codicils were so far the result of undue influence that, in judgment of law, they are to be regarded not as the will and codicils of Mrs. Austin, but of the persons who had wrongfully subdued and controlled her mind and its volition to their own purposes and objects. It does appear, on the face of those instruments, that Mrs. Oakes and her family receive a large and apparently excessive share of the property of which they make disposition; but that is by no means enough to affect the validity of the gifts. The will stands for the reason; and courts cannot, out of their real or supposed superior testamentary capacity, undertake to rectify or disturb any apparent or fancied inequalities or injustice. The intention of the testatrix controls as expressed by the will until it can be shown that what is expressed was not her intention, but the unlawful design and intention of another. The learned surrogate has examined this question in an opinion of great clearness and force, and has reached the conclusion that the contestants have not within the established rule governing such cases, shown that the will and codicil, or either of them, are the result of the alleged undue influence. He had the opportunity to see the witnesses and their demeanor on the stand, and hear their testimony and observe their manner in giving it, as well as the degree of intelligence and the *animus* with which it was given. With those advantages he reached the same conclusion to which the printed record of their testimony as sent up to us leads our minds; and under such circumstances our duty is properly performed by affirming his conclusions upon the opinion pronounced by him, and for the reasons he assigns.

There is but a single question of law presented by the return which, in our judgment, requires any comment.

It is enacted by section 835 of the Code of Civil Procedure that "an attorney or counselor-at-law shall not be allowed to disclose a communication made by his client to him, or his advice given thereon, in the course of his professional employment;" and section 836 declares that "the last three sections apply to every examination of a person as a witness, unless the provisions thereof are expressly waived by the person confessing, the patient or the client."

There is no doubt, says the learned judge who delivered the opinion in *Westover* v. *The Ætna Insurance Company* (99 N. Y., 56), that "whenever the evidence comes within the purview of the statutes it is absolutely prohibited and may be objected to by any one, unless it be waived by the person for whose benefit and protection the statutes were enacted."

Mr. Underhill, the counsel of Mrs. Austin, by whom the will and codicils were prepared under her direction, and who superintended, as such counsel, their execution and publication, was called as a witness to show what transpired between the testatrix and himself when he was called upon to prepare the will and codicils, and in the process of their preparation and publication. His testimony was objected to as prohibited by the section of the Code above quoted. The objection was overruled and the testimony was taken by the surrogate. It is contended by the appellants that the evidence of the attorney and counsel, so far as it was objected to, was "within the purview of the statutes as construed by the court of last resort."

The object of the new section was chiefly to declare the effect of a waiver of the statutory rule and by whom such waiver might be made. Section 835 of the Code was not intended to do more than classify, by codification, the well-known rule of the common law. (See 1 Throop Code, notes to sec. 835 ; *Hebbard* v. *Haughian,* 70 N. Y., 54 ; *Armstrong* v. *The People,* 70 id., 38.)

Communications by a testator to an attorney, or solicitor, or employee, to prepare a will, with reference to the will and its trusts, are not privileged. This has been settled in many cases. (*Russell* v. *Jackson,* 15 Jur., 1117 ; *Nourse* v. *Fisk,* 1 Ves., 342 ; *Duke of Bedford* v. *The Marquess of Abercorn,* 1 Myl. and Cr., 312 ; *Blackburn* v. *Crawfords,* 3 Wall. [U. S. Rep.], 199.)

It will be unfortunate for testators if the communications they

make to counsel, for the purpose of enabling the latter to draft their wills, are held to be so far within the provisions of the Code now under consideration, as to prevent their use on behalf of the executors to sustain their wills. The object of the privilege is to make sacred that class of communications made by clients to attorneys or counsel for the purpose of enabling them to give advice, with full and correct knowledge relating to the transactions upon which such advice is sought in suits and actions civil and criminal, a disclosure of which might be prejudicial to the client or his interests.

If the construction of the statute claimed by the contestants were allowed, it is not perceived how any will could be proved by the attorney who drew it and supervised its publication, for he could not open his mouth as a witness without disclosing something in the nature of a communication made to him by his client. The Code does not place such a weapon for the defeat of wills in the hands of any one seeking to overthrow a will propounded for probate which presumably it was the intention of the testator should be sustained by the testimony of his counsel and adviser who prepared it.

We think there is no merit in the objection; but if it were well taken, it should not defeat the probate of the will in this case, because the testimony of the counsel, so far as objected to, may be eliminated from the case, and still the evidence remaining would not justify a finding that the will and codicils were made by the decedent under what the law recognizes to be undue influence.

The decree should be affirmed, but, under all the circumstances, without costs of the appeal.

BRADY and DANIELS, JJ., concurred.

Order affirmed, without costs.