Davis, P. J.
The decree of the surrogate admits to probate the will of the decedent and three codicils thereto. Mrs. Austin, the testatrix, was the widow of William Austin, and by the will of her husband she was the devisee and legatee in trust of all his property, real and personal, for her own use during her life, with power by her last will and testament to appoint and divide the same amongst their four sons and Jane Oakes, their daughter, and the children of a deceased son, in such shares and proportions as she might direct. The will and codicils in controversy dispose of the corpus of the trust amongst the children and grandchildren, and also the property of the testatrix derived and saved from the income of the trust in her favor. The due and proper publication of the will and codicils by Mrs. Austin was fully established, and no evidence was given on the part of the contestants controverting her testamentary capacity. It was, however, asserted, and is still insisted on their part, that her will and codicils were induced by and resulted from undue influence exerted and used over her by her daughter, Mrs. Oakes, and the children of Mrs. Oakes, who are. the chief objects of her bounty under such will and codicils. Upon this question the contestants held the affirmative. It was for them to show by satisfactory evidence that the will and codicils were so far the result of undue influence, that in judgment of law they are to be regarded not as the will and codicils of Mrs. Austin, but of the persons who had wrongfully subdued and controlled her mind and its volition to their own purposes and objects. It does appear on the face of those instruments that Mrs. Oakes and her family receive a large and apparently excessive share of the property, of which they make disposition; but that is by no means enough to affect the validity of the gifts, the will stands for the reason, and courts cannot out of their real or supposed superior testamentary capacity undertake to rectify or disturb any apparent or fancied inequalities or injustice. The intention of the testatrix controls, as expressed by the will, until it be shown that what is expressed was not her intention, but the unlawful design and intention of another. The learned surrogate has examined this question in an opinion of great clearness and force, and has reached the conclusion that, the contestants have not, within the established rules governing such cases, shown that the *668 will and codicils, or either of them, are the the result of the alleged undue influence. He had the opportunity to see the witnesses and their demeanor on the stand, and hear their testimony, and observe their manner in giving it, as well as the degree of intelligence, and the animus with which it was given. With those advantages he reached the same conclusion to which the printed record of their testimony, as sent up to us, leads our minds; and under such circumstances our duty is properly performed by affirming his conclusion upon the opinion pronounced by him, and for the reasons he assigns. There is but a single question of law presented by the return, which in our judgment, requires any comment. It is enacted by section 835 of the Code of Civil Procedure, that
“ An attorney or counseller shall not be allowed to disclose a communication made by his client to him, or his advice given thereon, in the course of his professional employment.”
And section 836 declares that
“ The last three sections apply to every examination of a person as a witness, unless the provisions thereof are expressly waived by the person confessing, the patient or their client.”
‘ ‘ There is no doubt” says the learned judge, who delivered the opinion in Westover v. The Ætna Insurance Company (99 N. Y., 56), “ that whenever the evidence comes within the purview of the statute it is absolutely prohibited and may be objected to by any one unless it be waived by the person for whose benefit and protection the statutes were enacted.”
Mr. Underhill, the counsel of Mrs. Austin, by whom the will and codicils were prepared, under her direction, and who superintended, as such counsel, their execution and publication, was called as a witness to show what transpired between the testatrix and himself when he was called upon to prepare the will and codicils, and in the process of their preparation and publication. His testimony was objected to as prohibited by the sections of the Code above quoted. The objection was overruled and the testimony was taken by the surrogate. It is contended by the appellants that the evidence of the attorney and counsel, so far as it was objected to, was “within the purview of the statute” as construed by the court of last resort.
The object of the new' section was chiefly to declare the effect of a waiver of the statutory rule, and by whom such waiver might be made.
Section 835 of the Code was intended to do no more than clarify by codification the well known rule of the common *669 law. See 1 Throop’s Code notes to section 835; Hebbard v. Haughian, 70 N. Y., 54; Armstrong v. The People, 70 id., 38.
Communications by a testator to an attorney or solicitor employed to prepare a will with reference to the will and its trusts are not privileged. This has been settled in many cases. Russel v. Jackson, 15 Jur., 1117; Nourse v. Finch, 1 Ves., 342; Duke of Bedford v. The Marquis of Abercorn, 1 Mylne and Craig, 312; Blackburn v. Crawford, 3 Wall U. S. Rep., 175.
It will be unfortunate for the testators if the communications they make to counsel for the purpose of enabling the latter to draft their wills are held to be so far within the provision of the Code now under consideration as to prevent their use on behalf of the executors to sustain the wills. The object of the privilege is to make sacred that class of communications made by clients to attorneys or counsel for the purpose of enabling them to give advice with a full and correct knowledge relating to the transaction upon which such advice is sought in suits and actions, civil and criminal, a disclosure of which, if allowed, might be prejudicial to the client or his interests.
If the construction of the statute claimed by the contestant were allowed, it is not perceived how any will could be proved by the attorney who drew it and supervised its publication, for he could not open his mouth as a witness without disclosing something in the nature of a communication made to him by his client. The Code does not place such a weapon fcr the defeat of wills in the hands of any one seeking to overthrow a will propounded for probate, which, presumably, it was the intention of the testator, should be sustained by the testimony of his counsel and adviser who prepared it. We think there is no merit in the objection. But if it were well taken it should not defeat the probate of the will in the case because the testimony of the counsel, so far as objected to, may be eliminated from the case, and still the evidence remaining would not justify a finding that the will and codicils were made by the decedent under what the law recognizes to be undue influence.
The decree should be affirmed, but, under all the circumstances, without costs of the appeal.
Daniels and Brady, JJ., concur.