(42 App. Div. 363.)

### HOLCOMB v. HARRIS.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

1. HUSBAND AND WIFE—CONTRACTS—QUESTIONS OF FACT.
    Under Laws 1884, c. 381, permitting a wife to contract for her own benefit, it is not error for the court to refuse to hold absolutely that a husband cannot recover for his wife's services under a contract of employment, as it is a question of fact whether the husband made the contract, or it was made as a separate contract by the wife.

2. WITNESSES—PROFESSIONAL PRIVILEGE—EXPRESS WAIVER.
    Under Code Civ. Proc. § 836, permitting an express waiver by a patient of the privilege conferred by Id. § 834, which makes a physician incompetent to testify as to facts learned in his professional capacity, the calling

of the witness by the patient is not a sufficient waiver to overcome the objection of the opposing party. The waiver must be expressly indicated.

Parker, P. J., dissenting.

Appeal from trial term, Rensselaer county.

Action by Andrew J. Holcomb against Charles W. Harris, executor of Edmund S. Harris, deceased. From a judgment on a verdict for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

J. E. Hoag (G. B. Wellington, of counsel), for appellant.
Lansing & Holmes (James Lansing, of counsel), for respondent.

MERWIN, J. This action is based upon a contract of employment alleged to have been made by the defendant's testator with the plaintiff, in and by which it was agreed that the plaintiff should take up his residence with the testator, and that the wife and minor daughter of the plaintiff should keep house for the testator and take care of him during his life, and that at the death of the testator the plaintiff should be well paid for such services. The testator had no children, and the plaintiff's wife was the niece of the wife of the testator. In pursuance of this contract, as the plaintiff claims, the wife and daughter kept house for the testator and took care of him from about December 4, 1888, until May 1, 1893, when they were discharged by the testator, and directed to leave his house, without fault on the part of the plaintiff or his wife and daughter. The testator died April 14, 1897. The plaintiff in this action sought to recover the value of the services of the wife and daughter, and his damages for the breach by the testator of his contract. Whether or not a contract was made as claimed by the plaintiff, and, if so, whether there was a breach thereof on the part of the testator, and, if so, the amount of the damages by way of the value of the services in fact rendered, or otherwise, were all questions of fact, which were submitted to the jury. The defendant claims that the verdict is contrary to the weight of evidence. An examination, however, of the testimony, leads us to the conclusion that upon this ground the verdict should not be disturbed.

The defendant claims that the plaintiff has no right to recover for the services of his wife. This point seems to be made upon the theory that under chapter 381 of the Laws of 1884 the wife had a right to make for herself a contract, the benefit of which the plaintiff could not have without a transfer. We cannot say, as matter of law, that she did make such a contract. It was a question of fact for the jury. The husband, during the period of employment, made his home at the house of the testator, though he did not board there; and he, in part, provided for the support of his wife and daughter. The wife makes no personal claim for compensation. She took part in the negotiations leading to the contract. Her husband, too, was an actor; and whether or not there was any intention on the part of the wife to make a separate contract, so far as her services were

concerned, was at least a question of fact, and the court did not err in declining to hold absolutely that the plaintiff could not recover for the services of the wife.    Porter v. Dunn, 131 N. Y. 314, 30 N. E. 122;  Birkbeck v. Ackroyd, 74 N. Y. 356.

The defendant called as a witness a physician, who testified that he knew the testator during the period the Holcombs lived at his house, and he was then asked to state the physical condition of the testator at that time.    This was objected to by the plaintiff as inadmissible, under section 834 of the Code of Civil Procedure.    It then appeared, upon the examination of the witness by the plaintiff and by the court; that up to 1893 the testator had been a patient of the witness, and that the information the witness received prior to May 1, 1893, in regard to the physical condition of the testator, was received by him in his professional capacity, and was necessary to enable him to act in that capacity for the testator.    The objection was then sustained, and the defendant excepted.    The defendant claims that this exception is a good one, for the reason that, under section 836 of the Code, the defendant, as the personal representative of the testator, had the right to waive the provisions of section 834, and that the calling of the physician by the defendant was in itself such a waiver. No suggestion of this kind was made at the trial.    After the ruling no further questions were asked the witness by the defendant, or offer made as to his testimony.    No claim was made that, notwithstanding the evidence was incompetent under section 834, it was or might be made competent by virtue of the provisions of section 836. Under the latter section, there must be an express waiver in order to admit the evidence.    The calling of the witness did not in itself involve a waiver.    There was no occasion for a waiver, unless the objection under section 834 was taken.    When it was taken, it was the duty of the defendant, if he desired or intended to exercise his right under section 836, to so indicate; otherwise, the opposite party, as well as the court, would be misled.    The objection, as taken, was a good one.    The plaintiff had the right to take it.    Westover v. Insurance Co., 99 N. Y. 56, 1 N. E. 104.    It might have been obviated by the defendant, but he was silent.    The court never ruled upon the point the defendant now takes.    There was no error in the ruling that was excepted to.    The plaintiff is not entitled now to the benefit of a position he did not take at the trial.

Our attention is called to some other exceptions, but they need not be specially considered.    We find no sufficient ground for reversal.

Judgment and order affirmed, with costs.    All concur, except PARKER, P. J., dissenting.