Nathaniel T. Helman, J.
Plaintiff moves to suppress medical information on Raymond W. Lynch, now in the possession of defendant, and precluding defendant from using said medical information at the trial.
The action was brought by plaintiff as beneficiary under a policy on the life of Raymond W. Lynch, to recover the sum of $20,000, the face amount of the policy. The defense is predicated upon the claim that the policy is void for material misrepresentations contained in the original application for insurance. Above the signature of the assured, the following language appeared in the application: “So far as may be lawful, I waive for myself and all persons claiming an interest in any insurance issued on this application, all provisions of law forbidding any physician or other person who has attended or examined, or who may attend or examine me or any other person covered, by such insurance, from disclosing any knowledge or information which he thereby acquired.”
Raymond W. Lynch died on September 22, 1965. Plaintiff subsequently executed defendant’s form entitled “ Request for Payment of Death Benefit ”, consisting of a statement requesting payment and an attending physician’s statement’. In this form, she authorized defendant to obtain details of treatment, diagnosis and medical history of Raymond W. Lynch. Plaintiff now urges that at the time when she executed the authorization she did not understand its meaning or significance, that she *181 was not represented by counsel, and that she simply regarded the paper as a “ payment form ” preliminary to her receipt of the proceeds of the policy. It is further contended that the information obtained is privileged and confidential, and cannot be disclosed under CPLR 4501.
In response to defendant’s allegation of a waiver both in the original application form and the request for payment, plaintiff argues that such waiver is unlawful and of no effect, as such waiver can only be made at the trial, citing cases such as Acee v. Metropolitan Life Ins. Co. (219 App. Div. 246); Holden v. Metropolitan Life Ins. Co. (165 N. Y. 13) and Polachek v. New York Life Ins. Co. (147 Misc. 16).
Under section 354 of the old Civil Practice Act, privileged communications to clergymen, physicians, dentists, and attorneys were brought within the scope of the first sentence of that section which restricted disclosure, ‘1 unless the provisions thereof are expressly waived upon the trial or examination by the person confessing, the patient or the client.” That provision was originally inserted to correct the practice and resultant abuse of waivers inserted in contracts of life insurance. But in the year of 1939, New York policy was changed by the enactment of a statute compelling waiver of the insured’s privilege in an action on a life insurance policy. Subdivision 4 of section 149 of the Insurance Law provides that: “ If in any action to rescind any such contract or to recover thereon, any such misrepresentation is proved by the insurer, and the insured or any other person having or claiming a right under such contract shall prevent full disclosure and proof of the nature of such medical impairment, such misrepresentation shall be presumed to have been material.”
A further change took place when the Legislature altered the original requirements of section 354 of the Civil Practice Act by the enactment of CPLR 4504, in which it specifically eliminated the first sentence of the former section. While no case interpreting the neAV statute has been cited by counsel, it would seem clear that the previous limitations on waiver Avere removed and that it was noAV intended to authorize a waiver even though not made in open court or by stipulation.
The Second Preliminary Report of the Advisory Committee on Practice and Procedure (1958, p. 93) states that “ New York policy on this point has changed. ’ ’ In referring to the omission of the previous requirements, the report goes on to say (p. 92): “As is the case of the attorney-client privilege, waiver may, under the cases, be implied. ’ ’ This would appear to be a more reasonable approach, one that Avould enure to the benefit of the *182 assured as well as to the insurer. As pointed out, in an article in the Syracuse Law Review (Yol. 1, 1949, p. 103), once the insurance company proves the falsity of misstatements, the presumption of materiality attaches under the quoted portion of subdivision 4 of section 149 of the Insurance Law, and the insurer has made out a prima facie defense. If the physician for the assured is denied the right to testify in the absence of an 11 express waiver upon the trial ”, the beneficiary may well be rendered powerless to dispel the presumption of materiality by the presentation of contradictory medical proof. As suggested in paragraph 4504.14 of Weinstein-Korn-Miller, New York Practice, the elimination of the former requirement ‘ ‘ indicates a strong trend away from any strict limitation on waiver.”
The privilege having been effectively waived, the information allegedly obtained by defendant will not be suppressed. The motion is denied.