OPINION OF THE COURT
Myriam J. Altman, J.
Motion Nos. 31 and 55 of July 16, 1980 are hereby consolidated and considered together. In this action to recover the proceeds of a life insurance policy, plaintiff moves to dismiss defendant’s affirmative defense and counterclaim which are grounded on the assertion that plaintiff violated “the contractual waiver provision contained intKe~ [p]olicy by obstructing and frustrating defendant’s attempt to conduct a claims investigation”. Plaintiff also seeks a protective order pursuant to CPLR 3103 with respect to three notices of deposition served by defendant, one for the deposition of the plaintiff and the others for the depositions of Jack Burton Weissman, M.D., and Columbia Presbyterian Hospital (the hospital), both nonparties to this action. Defendant cross-moves to compel these depositions.
Plaintiff is the beneficiary of a life insurance policy issued by defendant to his mother (the assured) some two *541 months prior to her death in January, 1980. Following defendant’s refusal to make payment under this policy of insurance, plaintiff commenced this action. Although defendant has not raised the defense of misrepresentation in its answer, on these motions defendant claims there is reason to believe that the assured made misrepresentations prior to the issuance of the policy which would defeat plaintiff’s right to recovery. Its belief is essentially based upon the facts that the 50-year-old assured had never before owned a life insurance policy; she was examined by her personal physician rather than an independent doctor as part of her insurance application; she died some two months after the effective date of the policy; and there is some evidence that she died of a malignancy. Defendant’s claim with respect to the malignancy is a bare allegation in the attorney’s affirmation without any evidentiary material to substantiate the claim. By these facts, defendant is seemingly attempting to establish a presumption of misrepresentation. However, in this regard it must be noted that while the policy became effective only two months prior to the assured’s death, the application for insurance was completed approximately five months before her death.
Defendant served its notices of deposition prior to the interposition of an answer and bases its affirmative defense and counterclaim on plaintiff’s attempts to nullify those notices. The assured was treated by Dr. Weissman and at Columbia Presbyterian Hospital after the policy of insurance became effective and the principal issue on these motions and cross motion is whether the material sought to be discovered is privileged and, if it is, whether a defense of failure to co-operate still lies.
The physician-patient privilege is not rooted in the common law, but rather is a creature of statute (Richardson, Evidence [Prince, 10th ed], § 426). Its purpose is to foster the free flow of information between doctor and patient so as to ensure proper diagnosis and treatment (Trammel v United States, 445 US 40). It, therefore, protects not only physician-patient communications, but also observations made by the doctor in the course of treatment (Richardson, Evidence [Prince, 10th ed], § 432) and extends to hospital *542 records as well (Matter of Coddington, 307 NY 181, 195). It is a privilege which belongs to the patient (Prink v Rockefeller Center, 48 NY2d 309, 314), but may be asserted by any party to the litigation, such as the plaintiff herein (Westover v Aetna Life Ins. Co., 99 NY 56; CPLR 4504, subd [c]). The privilege is not terminated by the death of the patient alone (Prink v Rockefeller Center, 48 NY2d 309, 314, supra) and it not only prohibits a physician’s testimony at trial but also prevents the disclosure in pretrial proceedings (Lorde v Guardian Life Ins. Co. of Amer., 252 App Div 646). The liberal disclosure provisions of CPLR 3101, which allow disclosure of evidence which may be inadmissible at trial, may not be used to circumvent the privilege. Consequently, absent waiver, the privilege may be invoked by the plaintiff herein to limit pretrial disclosure.
The patient, as holder of a privilege, may waive it (CPLR 4504, subd [a]) or, in the case of a deceased patient, the privilege may be waived by the personal representative, the surviving spouse, or the next of kin of the decedent (CPLR 4504, subd [c], par 1). Those individuals possessing the statutory authority to waive the privilege on behalf of the deceased have not done so in the instant case, rather the assured’s surviving spouse and her son have strenuously objected to disclosure. In the absence of a waiver by the assured herself, then, the privilege is applicable.
Formerly, the physician-patient privilege could be waived only in open court or by stipulation, but under present law, the privilege may be waived by contract (McLaughlin, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1964-1980 Supp Pamphlet, CPLR 4504, p 186). Defendant claims that the assured waived the privilege by virtue of two separate provisions of the insurance policy. The first is a statement following a series of medical questions signed by the assured in conjunction with her application for insurance and incorporated into the policy itself. This waiver provision was executed by the assured on August 2,1979 and states, inter alia, “I expressly waive to such extent as may be lawful, on behalf of myself and of any person who shall have or claim any interest in any policy issued hereunder, *543 all provisions of law forbidding any physician or other person who has attended or examined me from disclosing any knowledge or information thereby acquired, and I authorize any such disclosure to such extent as may be lawful.” Defendant additionally relies upon an authorization, also signed by the assured in connection with her application for insurance and made a part of the policy. The authorization, dated July 30,1979, provides: “I hereby authorize any licensed physician * * * [or] hospital * * * having any records or knowledge of me or my health, to give to the New England Mutual Life Insurance Company and to its reinsurers any such information.”
With respect to the provision dated August 2, 1979, plaintiff argues that its language effects a waiver only as to that information obtained by physicians prior to its date of execution. Defendant contends that the waiver is both retrospective and prospective in nature and that therefore the assured waived the physician-patient privilege for all past and future communications and observations.
The crucial phrase of this provision is comprised of the words “has attended or examined me”. This language is in the past tense and does not speak to future physician-patient communications. The clear import of these words mandates an interpretation which excludes information or knowledge acquired subsequent to the execution (Reserve Life Ins. Co. v Davis Hosp., 36 FRD 434; Pride v Inter-State Business Men’s Acc. Assn. of Des Moines, 207 Iowa, 167; Geare v United States Life Ins. Co., 66 Minn 91).
In contrast to the words of this provision are those contained in a contractual waiver in the case of Lynch v Mutual Life Ins. Co. of N. Y. (55 Misc 2d 179, 180), a case relied upon by defendant wherein the court found a waiver of past and future communications. The assured in that case signed a waiver which stated, “I waive * * * all provisions of law forbidding any physician or other person who has attended or examined, or who may attend or examine me * * * from disclosing any knowledge or information” (emphasis added). Clearly, in the case at bar, the language employed by defendant does not include future communications. The fact that the provision also contains *544 the words “on behalf of myself and of any person who shall have or claim any interest in any policy issued hereunder” does not require a contrary interpretation as defendant argues. This language serves to prevent assertion of the privilege by a future claimant for the period stated in the waiver clause but does not transform the past tense language of the waiver itself into a prospective waiver.
As to the authorization, the positions of the parties are substantially the same. Plaintiff claims that the present tense language of this provision permits only the disclosure of information in existence on the date of execution while defendant again argues that the waiver is both retrospective and prospective. Although the meaning of the language in the authorization may not be as clear as that of the previously discussed waiver, it is a well-settled rule that a contract of insurance is to be strictly construed and any ambiguity must be resolved in favor of the beneficiary and against the insurer (Hartol Prods. Corp. v Prudential Ins. Co., 290 NY 44). In light of this principle, this court is compelled to agree with plaintiff’s contention. Defendant would have this court construe the present tense language of the authorization to include language referring to information obtained in the future. The use of the present tense by the insurance company itself in drafting this policy precludes an interpretation which is broader than the words themselves (see Pride v Inter-State Business Men’s Acc. Assn. of Des Moines, 207 Iowa 167, supra). Therefore, the information obtained by Dr. Weissman and the hospital subsequent to the execution of the waiver and the authorization is protected from disclosure by the physician-patient privilege.
However, there are certain matters which may be explored by defendant at pretrial examinations of Dr. Weiss-man and the hospital. CPLR 4504 (subd [a]) provides, in relevant part, that a physician “shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity.” As previously noted, information has been interpreted as encompassing both physician-patient communications and knowledge acquired from observation and examination (Richardson, *545 Evidence [Prince, 10th ed], § 432). However, ordinary facts which would be obvious to the lay observer and which are not necessary to enable the doctor to act in his or her professional capacity may be disclosed (Richardson, Evidence [Prince, 10th ed], § 432). Consequently, defendant may inquire into such matters as the dates on which Dr. Weissman treated the assured.
Plaintiff’s argument that defendant is not entitled to preanswer discovery is now moot as defendant has served its answer. In this regard it should be noted, however, that even if issue had not been joined pretrial discovery would have been available to defendant (CPLR 3106, subd [a]; Seigel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C3106:l, p 349; Griffin & Co. v Sperling S.S. & Trading Corp., 28 AD2d 976). In view of the New York courts’ liberal interpretation of the “material and necessary” requirement of CPLR 3101 (subd [a]), defendant should be permitted the limited discovery outlined above. While defendant has not raised the defense of misrepresentation, the information sought would be relevant to plaintiff’s allegation that the policy was in full force and effect at the time of the assured’s death. Furthermore, defendant has demonstrated the existence of “adequate special circumstances” so as to warrant the depositions of nonparties to this action (CPLR 3101, subd [a], par [4]). Dr. Weissman and the hospital are apparently unwilling witnesses who possess special knowledge (Villano v Conde Nast Pubs., 46 AD2d 118).
Accordingly, a protective order is granted with respect to the depositions of Dr. Weissman and the hospital to the extent heretofore indicated. They are to appear for examination before trial at a time and place to be agreed upon by the parties.
As to that branch of plaintiff’s motion which seeks a protective order with regard to his own deposition, CPLR 3110 (subd 1) authorizes the examination of a party in the county where the action is pending. Plaintiff claims, however, that since he is a resident of Chicago, Illinois, written questions should be posed to him at this juncture in lieu of an oral deposition. New York courts are aware of the *546 problems of a nonresident party (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C3108:2, p 378) and will vacate a notice of examination upon a showing of undue hardship (see Schoen v Morgan Trucking Co., 13 AD2d 622). Plaintiff in the instant case has invoked the jurisdiction of this court and his mere statement that he is a resident of Chicago is insufficient to constitute undue hardship (Spatz v Wide World Travel Serv., 70 AD2d 835; Schoen v Morgan Trucking Co., 13 AD2d 622, supra). Plaintiff’s motion for a protective order with respect to his own deposition is therefore denied and defendant’s cross motion is granted. Plaintiff is directed to appear for examination before trial in New York County at a time and place to be mutually agreed upon by the parties.
Plaintiff further moves pursuant to CPLR 3211 (subd [a], par 7; subd [b]) to dismiss defendant’s affirmative defense and counterclaim. In its answer, defendant alleges that plaintiff breached that contractual waiver provision of the insurance policy dated August 2, 1979 by obstructing defendant’s claim investigation. Specifically, defendant claims that plaintiff frustrated its attempts to obtain information concerning the assured’s medical condition by instructing physicians and other individuals not to disclose such information and by moving for a protective order with respect to the three notices of deposition served by defendant.
Defendant initially argues that plaintiff’s motion to dismiss must be denied due to the insufficiency of the complaint. While it is true that a court searches the record on a motion to dismiss a defense (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C3211:40, p 43), I find the complaint to be sufficient as a matter of law. The insurance policy states that the company agrees to pay the face amount of the policy on receipt of proof of death of the insured. Plaintiff has alleged that notice and proof of death were forwarded to the defendant. Further, he has alleged that all premiums were paid on the policy and that it was in full force and effect at the time of the assured’s death. A copy of the insurance policy was also annexed to the complaint. These allegations are sufficient *547 to support a cause of action for payment of the proceeds of the policy.
Defendant’s defense and counterclaim are based solely upon an alleged violation of the waiver provision of the policy. That provision does not require the disclosure of the medical information sought by defendant. Since plaintiff is a proper person to assert the physician-patient privilege (Westover v Aetna Life Ins. Co., 99 NY 56, supra), the actions alleged by defendant are no more than plaintiff’s attempt to enforce and protect his legal rights.
Defendant fails to cite any other clause of the policy which requires the co-operation of the beneficiary, nor has this court discovered any such provision upon a reading of the policy. This is not a situation where the policy itself requires the beneficiary or plaintiff to execute an authorization permitting the release of certain information (see Lynch v Mutual Ins. Co., 55 Misc 2d 179, supra; Nationwide Mut. Ins. Co. v Jackson, 10 Ohio App 2d 137). And apparently, there is no provision or principle of law which requires the co-operation of the beneficiary to the extent of disclosing medical information. In fact, subdivision 4 of section 149 of the Insurance Law seems to presuppose the right of the beneficiary to prevent disclosure, subject to the penalty of that section. This statute provides that upon proof of a misrepresentation made by the insured as to medical condition a presumption of materiality attaches when the beneficiary has prohibited full disclosure (see Roth v Equitable Life Assur. Soc. of U.S., 186 Misc 403, affd 270 App Div 923). Thus a beneficiary who has the right to waive the privilege is entitled not to do so, but must face the consequence of a presumption of materiality.* No proof of misrepresentation has been offered on this motion. Defendant may not speculate as to misrepresentation in order to compel plaintiff to provide disclosure. Defendant could easily avoid the situation in which it finds itself by revising its insurance policies.
*548 New York law requires that pleadings be liberally construed (CPLR 3026). A court should thus deny a motion to dismiss pursuant to CPLR 3211 (subd [a], par 7) if the allegations make out a cause of action cognizable under any theory of law (Foley v D’Agostino, 21 AD2d 60; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C3211.-24, p 31). However, even under the most liberal construction of defendant’s allegations, the defense and counterclaim are insufficient as a matter of law on the particular facts pleaded.
Accordingly, defendant’s affirmative defense and counterclaim are dismissed.

 If the beneficiary is not the personal representative, surviving spouse, or next of kin of the decedent, he or she does not have the authority to waive the privilege (CPLR 4504, subd [c], par 1). In such a case, the beneficiary has not prevented full disclosure within the meaning of section 149 of the Insurance Law and the presumption does not attach (Roth v Equitable Life Assur. Soc. of U. S., 186 Misc 612, affd 269 App Div 746).