OPINION OF THE COURT
Joseph S. Levine, J.
The New York Blood Center, Inc. (NYBC) is a defendant in this wrongful death cause of action and moves for an order pursuant to CPLR 2221 granting reargument of a prior motion. That motion resulted in this court’s order striking the answer of the moving party pursuant to CPLR 3126 because of the failure of NYBC to comply with various discovery demands of the plaintiff. Upon reargument, NYBC seeks denial of the plaintiff’s motion to strike its answer and the granting of its application for a protective order pursuant to CPLR 3103.
The issue before the court concerns the discoverability of the names and addresses of blood donors. The moving party argues that such information is privileged and that disclosure would violate the donors’ right to privacy guaranteed by the Federal and State Constitutions. The plaintiff contends that no such privacy right protects donors’ identity, the patient-physician privilege does not apply to voluntary blood donation, and that the law’s desire of full disclosure of all evidence material and necessary in the prosecution or defense of an action outweighs any interest on the part of the blood donor.
The motion to reargue is granted and upon reargument the plaintiff’s motion to strike the answer of NYBC is denied and the motion of NYBC for a protective order is granted for the reasons set forth below.
The underlying cause of action seeks to recover damages arising from the wrongful death of the plaintiff’s deceased husband. The decedent was severely burned by the explosion *308 of an acetylene torch. During the course of his treatment at New York Hospital, the decedent received 21 units of blood supplied to the hospital by NYBC. The plaintiff alleges that this blood was infected with the virus that causes acquired immune deficiency syndrome (AIDS), which was contracted by her husband.
The issue before the court concerns the discoverability of the names and addresses of the blood donors whose blood was supplied to New York Hospital for transfusion into the plaintiff’s decedent. While the moving party has argued very cogently in support of the proposition that the constitutionally guaranteed right to privacy precludes such disclosure, the court believes it need not reach a constitutional analysis to arrive at its decision.
New York’s codification of the patient-physician privilege is contained in CPLR 4504. It provides: "(a) Confidential information privileged. Unless the patient waives the privilege, a person authorized to practice medicine, registered professional nursing, licensed practical nursing or dentistry shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity.”
The court has found no relevant case law interpreting this section to encompass in scope the relationship between the donor and the blood bank. However, in support of its motion NYBC presented to the court the affidavit of the Blood Center’s director and senior vice-president. She stated that blood is collected from donors according to strict procedures and that the person attending to the donor is "either a specially trained physician, registered nurse, licensed practical nurse or phlebotomist. In the United States, the health historian acts under the direct supervisor who is always a registered nurse. At Euroblood centers, a physician is present for the final clearance of all donors.”
The policy reasons supporting the physician-patient privilege are varied. In essence, the law seeks to protect the privacy of patients and prevent their exposure to embarrassment. Moreover, society has a substantial interest in fostering the free flow of information between physician and patient in order to ensure proper diagnosis and treatment. (See, Greene v New England Mut. Life Ins. Co., 108 Misc 2d 540 [Sup Ct, NY County 1981].) The court believes this rationale is certainly applicable to the relationship between a blood donor and the *309 blood bank. This is particularly true when the blood donor, who altruistically donated his or her blood, is exposed to embarrassment and innuendo based upon a person acquiring AIDS from the pool of donations.
Even if the patient-physician privilege were held to be inapplicable to these facts, the balancing of the competing interests involved in this case clearly favors the moving party and would warrant a protective order under the statutory principles enunciated in CPLR 3103. The moving party persuasively argued that the disclosure of donors’ names would violate the donors’ right to privacy. Avoiding the constitutional analysis, the court rules that a blood donor’s interest in anonymity is protected by CPLR 3103 (a) which provides that the court may issue a protective order denying the use of any disclosure device "to prevent unreasonable annoyance * * * embarrassment * * * to any person”. The blood bank’s interest in maintaining the anonymity of their donors together with society’s interest in maintaining the free flow of volunteer blood far outweigh the plaintiffs right to the disclosure of all evidence material and necessary to the prosecution of her suit. Unlike the absolute nature of a privilege, an application addressed to CPLR 3103 appeals to the discretion of the court and allows this balancing of interests. In that regard, the court would like to note that at the times relevant to this suit a test for the AIDS antibody was not available. Therefore, liability of NYBC would be premised on their screening and investigative procedures under common-law principles of reasonable care. Exposing donors to public scrutiny in order to determine what they may have told NYBC has only marginal utility in advancing the plaintiff’s theory of liability.
Based upon the foregoing, the defendant is entitled to a protective order precluding from disclosure the names and addresses of the 21 blood donors. However, the defendant New York Blood Center is ordered to produce the redacted records of the 21 donors, as it has agreed to do. This includes the eight units of blood that NYBC maintains were not transfused into the plaintiff’s decedent. Finally, the moving party is correct in citing Rosado v Mercedes-Benz (103 AD2d 395 [2d Dept 1984]) to stand for the proposition that a party cannot be compelled to translate a discoverable document and that it is sufficient to produce the original untranslated document.