PER CURIAM.
This is an action to recover commissions on. a sale of $51,000 par value of the bonds of the Adirondac League-Club. The plaintiff testified to his employment by defendant, as* a broker, to negotiate a 'sale, and an agreement for compensation’ of five per cent, of the par value of the bonds. f Evidence was-given tending to show that the plaintiff induced Dr. Hoagland to-purchase the bonds. The defendant denied his employment of. the plaintiff. The case was submitted to the jury on two questions—the employment of the plaintiff; and whether the plaintiff had effected the sale. By their verdict the jury have determinedi both questions in favor of the plaintiff.
The main point urged on this appeal is that the verdict was* againgt the weight of evidence. We think that there was no such preponderance of testimony, on either side, as to justify us in setting aside any verdict the jury might render. After the sale to Dr. Hoagiand the defendant* telegraphed to the plaintiff: “You have made a good sale. I will arrange your commissions when I return.” This telegram tends strongly to show that defendant-must have had some agreement or arrangement with the plaintiff’ on the subject. If it be conceded that the telegram was compatible with the defendant’s acting in the matter only as the agent of the club, it is sufficient to say that the defendant makes no claim that he acted as agent, but denies utterly any employment of the plaintiff. Further, if defendant assumed to act as agent of the club, he still would be personally liable, for both his own testimony and that of the club officers proved that such action on his* part would have been without authority.
It is unnecessary to discuss the criticism made on the form of the complaint, because any defect in that respect, if such there-were, was cured by the evidence and the verdict.
The admission of the testimony of the plaintiff as to a transaction had between himself and the defendant, other than the one the subject of this action, presents a question more doubtful. The plaintiff, on his cross-examination, had been asked whether the defendant had not befriended him. He said no; that he had complained of the defendant’s treatment in one transaction. On! the redirect examination the witness was allowed, against the defendant’s objection and exception, to state what that transaction was. The statement was, in effect, that defendant had employed the plaintiff as broker to obtain a loan on securities; that the* *771 plaintiff had substantially succeeded in negotiating the loan with a trust company, when the defendant, without plaintiff’s knowledge, visited the president of the company, and closed the negotiation himself, depriving the plaintiff of his commission. We cannot see that the cross-examination warranted the admission of this evidence. The transaction was not called out by the cross-examination. This error we think too serious to be overlooked. The effect of the evidence was to prejudice the jury against the defendant, and might lead the jury to believe that, if the defendant bad once, by sharp practice, deprived the plaintiff of his commission, he might be repeating his course in the transaction the subject of this litigation.
The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event