(10 App. Div. 444.)

BROWN v. BARSE.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

EVIDENCE—PRESUMPTIONS—FAILURE OF PARTY TO TESTIFY.

On a trial in defendant's absence, evidence to prove the fact and cause of his detention elsewhere is material and relevant to prevent the unfavorable impression which would be made on the jury by his failure to appear and testify as to facts of which he had personal knowledge.

Appeal from trial term, Kings county.

Action by Mortimer J. Brown against Mills W. Barse. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William H. Stayton, for appellant.
Jesse Johnson, for respondent.

WILLARD BARTLETT, J. This case now comes before us a second time, and a second time we are compelled to reverse a judg-

ment in favor of the plaintiff.    See Brown v. Barse, 3 App. Div. 257, 38 N. Y. Supp. 400.    The defendant was not present at the trial under review upon this appeal.    The plaintiff testified to personal transactions with him, which the defendant would naturally have taken the stand to deny, if the defense which he had pleaded was true.    In his absence, therefore, his counsel had a right to prove any fact the effect of which was to excuse his failure to attend and give evidence in his own behalf.    The nonattendance of an absent defendant, who has a personal knowledge of the facts, if any, which constitute his defense, and his consequent failure to testify, may properly be considered by the jury as bearing upon the strength of his case; and, on the other hand, the counsel for such defendant may introduce testimony showing the circumstances which compel, and, it may be, satisfactorily excuse, that absence.    Bleecker v. Johnston, 69 N. Y. 309; Wylde v. Railroad Co., 53 N. Y. 156.    And see Woodruff v. Hurson, 32 Barb., on page 564.    This was attempted in the present case by the examination of Mr. William H. Stayton, one of the defendant's attorneys; but he was allowed to say little beyond making the statement that he believed, from telegrams and letters which he had received from Mr. Barse, that his client was then at Niagara Falls.    Questions as to why Mr. Barse was not present as a witness in the case; whether he was detained from the trial, and, if so, for what reasons; what were the circumstances which detained him; and whether there was any case pending against Mr. Barse, which, in the opinion of the witness, as his counsel, required his presence elsewhere,—were all objected to by the learned counsel for the plaintiff, and the objections were sustained by the court. Some of these questions were objectionable in form, but not all of them; and it was clearly erroneous to exclude the inquiry, "Is Mr. Barse detained, and, if so, what are the circumstances which detain him?"    There was no objection to the form of this question, but it was objected to only on the ground that it was immaterial and irrelevant.    In view of the nature of the controversy and Mr. Barse's personal participation in the matters out of which it arose, we think the testimony sought to be elicited by this question was both material and relevant; and plaintiff's counsel himself immediately afterwards emphasized its importance by bringing out the fact, on the cross-examination of Mr. Stayton, that the record showed Mr. Barse to have been present on the previous trial.    He thus endeavored to give the plaintiff the advantage of the unfavorable inference which could be drawn against the defendant by reason of his nonattendance on the second trial, after having successfully shut out any explanation of his absence therefrom.

The judgment must be reversed, and a new trial granted, with costs to abide the event.    All concur.