HELEN KLEIN, Appellant, *v.* THE PRUDENTIAL INSUR-
ANCE COMPANY OF AMERICA, Respondent.

Evidence — witness — construction and application of sec-
tion 834 of Code of Civil Procedure — action on life insurance
policy — when plaintiff in proofs of death of insured refers
to death certificate of a hospital physician and agrees that
it shall be part of the proofs of death, such certificate is admis-
sible in evidence upon the trial and the testimony of the
attending physician is not incompetent under section 834.

1. Section 834 of the Code of Civil Procedure is not intended to prohibit a person from testifying to such ordinary incidents and facts as are plain to the observation of any one without expert or professional knowledge, and without tacitly or otherwise inviting or receiving confidences by which the incidents or facts are or may be brought to light and obtained. (*Patten* v. *United Life & Accident Insurance Association*, 133 N. Y. 450, 453, followed.)

2. The plaintiff's husband made written application to the defendant company for a policy of insurance on his life payable to the plaintiff. In his application he declared that " the said policy shall not take effect until the same shall be issued and delivered by the said company, and the first premium paid thereon in full, while my health is in the same condition as described in this application." At the time of making such application he made a small payment to the defendant's agent and received a receipt therefor, in which it was stated that the payment " is in no way binding upon the said company except

that said company agrees to return the amount mentioned herein in case the company declines to grant a policy on the life of said applicant." The policy was afterward handed to the applicant and the agent received the unpaid premium. Testimony was received from the physician who attended the deceased on the day previous to the receipt of this premium that he was then sick, and the plaintiff certified that her husband's health was first affected two days before payment of the premium. In answer to the question, " What was the cause of his death ? " she referred to the death certificate made by a physician and in her certificate with reference to the death of the insured, says, " It is agreed that such certificate shall be considered as part of proof of death of insured." *Held,* that no error was committed in allowing the testimony given by the attending physician that deceased was sick when he attended him; that the testimony of plaintiff with reference to the death certificate of the physician made such certificate admissible in evidence as an admission against her for what it was worth and that the receipt of the proofs of death under the circumstances disclosed by the record was not error.

*Klein* v. *Prudential Ins. Co.,* 165 App. Div. 986, affirmed.

(Argued October 26, 1917; decided November 13, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 30, 1914, affirming a judgment in favor of defendant entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Otto H. Droege* for appellant. It was error to receive the testimony of the physician who attended the deceased during his lifetime in his professional capacity. (*Meyer* v. *Knights of Pythias,* 178 N. Y. 63; *Holden* v. *Met. L. Ins. Co.,* 165 N. Y. 13.)

*Alfred M. Bailey* for respondent. It was not error to admit the evidence of Dr. Schoen. (*Patten* v. *United Life & Acc. Ins. Assn.,* 133 N. Y. 450; *Jennings* v. *Metropolitan Life Ins. Co.,* 81 App. Div. 85; *Becker* v. *Metropolitan Life Ins. Co.,* 99 App. Div. 9; *Meyer* v.

*Knights of Pythias*, 178 N. Y. 63; *Matter of Newcomb*, 192 N. Y. 238.) The record presents no evidence of waiver by defendant of the conditions precedent contained in the policy, and there was nothing on that question to submit to the jury. (*Russell* v. *Prudential Ins. Co.*, 176 N. Y. 178; *Hewitt* v. *American Union Life Ins. Co.*, 66 App. Div. 80; *Poste* v. *American Union Life Ins. Co.*, 32 App. Div. 109; 165 N. Y. 631; *Giddings* v. *Northwestern Mutual Life Ins. Co.*, 102 U. S. 108.)

CHASE, J. On January 6, 1913, the plaintiff's husband made written application to the defendant company for a policy of insurance on his life payable to the plaintiff, the premium for which was thirteen dollars payable quarterly in advance. In his application he declared " That the policy herein applied for shall be accepted subject to the privileges and provisions therein contained, the said policy shall not take effect until the same shall be issued and delivered by the said company, and the first premium paid thereon in full, while my health is in the same condition as described in this application."

At the time of making such application he paid to the defendant's agent two dollars, and received a receipt therefor, in which it was stated that the payment " is in no way binding upon the said company except that said company agrees to return the amount mentioned herein in case the company declines to grant a policy on the life of said applicant."

On January 9 he passed the required medical examination and a policy was issued on January 15. The policy was handed to the applicant but he was unable to pay the premium therefor, and the agent told him that he was not insured until the balance of the first quarterly premium was paid. From that time until February 14 the agent repeatedly called upon the applicant for the unpaid premium but it was not paid. On the morning

of February 14 the agent received the unpaid premium by direction of the applicant at the house of his (applicant's) brother-in-law. On February 12 the applicant had a cold and a slight cough. At twelve o'clock on that day he said to his employer that he was not feeling very well and might stay at home an hour longer than usual but would be back in the afternoon. He never returned to his work. On February 13 he was attended at his home by a physician. He was then sick. He was taken to a hospital on the morning of February 14, and died there of pneumonia February 20.

The plaintiff signed a certificate in proof of her husband's death and it was delivered to the defendant accompanied by a certificate of the physician who attended him at the hospital. In her certificate she states that her husband's health was first affected February 12, and in answer therein to the question " What was the cause of his death?" she referred to the physician's certificate. She also states in the certificate that it is agreed that the certificate of the physician " shall be considered as part of proofs of death of insured."

This action was brought upon the policy and the defendant alleged as a defense that when the first premium was paid to the company the applicant's health was not the same as described in his application and that such fact was not then known to the defendant. The question as to whether his health was the same as described in the application was submitted to the jury and the jury found in favor of the defendant. The judgment entered upon such verdict has been unanimously affirmed by the Appellate Division. There are but two questions of law presented to us by the appellant:

1. Whether it was error to receive the testimony of the physician who attended the deceased on February 13, that he was then sick.

2. Whether it was error to admit in evidence the

affidavit and certificate of the hospital physician accompanying the certificate made by the plaintiff as a part of the proofs of her husband's death.

The prohibition against a physician giving evidence of matters within his knowledge relating to a patient, is statutory. It is confined to information acquired in attending a patient in a professional capacity and which is necessary to enable him to act in that capacity. (Code of Civil Procedure, sec. 834; *People* v. *Koerner*, 154 N. Y. 355, 366; *People* v. *Austin*, 199 N. Y. 446, 452.)

The Code section is not intended to prohibit a person from testifying to such ordinary incidents and facts as are plain to the observation of any one without expert or professional knowledge, and without tacitly or otherwise inviting or receiving confidences by which the incidents and facts are or may be brought to light and obtained. It was, therefore, said by Judge EARL with the approval of all the members of this court in *Patten* v. *United Life & Accident Insurance Association* (133 N. Y. 450, 453): " There is nothing in section 834 which prohibited the defendant from showing that Patten was the patient of the doctor; that he attended him as a patient, and that he was sick. Nor is there anything in that section which prohibited the doctor from testifying whether he was called upon to attend Patten professionally before or after the date of the certificate, or to tell how many times he attended him, whether daily or hourly, from the 19th day of April to the 16th day of May."

The *Patten* case has been frequently followed with approval by the trial and other courts in this state. (*Becker* v. *Met. Life Ins. Co.*, 99 App. Div. 5, 9; *Jennings* v. *Supreme Council L. A. B. Assn.*, 81 App. Div. 76, 85; *McGillicuddy* v. *Farmers L. & T. Co.*, 26 Misc. Rep. 55, 60; *Denaro* v. *Prudential Ins. Co.*, 154 App. Div. 840, 842; *Hammerstein* v. *Hammerstein*, 74 Misc. Rep. 567.) The *Patten* opinion has been substantially quoted and approved

in Encyclopedia of Evidence, volume 10, page 128; Wigmore on Evidence, volume 4, section 2384, and note; The Modern Law of Evidence, Chamberlayne, volume 5, section 3705, and notes.

When the information obtained by a physician extends to the existence of an ailment although not the subject of his attendance or treatment but is acquired through an examination of the patient in attending him in a professional capacity and the discovery of which was a necessary incident to the investigation made to enable him to act in his professional capacity, it is within the language and purpose of the Code prohibition. (*Nelson v. Village of Oneida,* 156 N. Y. 219.)

We do not think that error was committed in allowing the attending physician to answer the questions propounded to him. In any case the evidence that the applicant was sick on the day before he was taken to the hospital appears almost, if not entirely, beyond controversy by testimony other than that of the attending physician. The statement of the plaintiff in her certificate as a part of the proofs of death that her husband's health was first affected on February 12 is an important admission in favor of the defendant's contention. Her reference therein to the certificate of the hospital physician made such certificate admissible in evidence as an admission against her for what it was worth. If it appears therefrom to have been based in whole or in part on hearsay evidence or on confidential communications made to him by the deceased and the plaintiff desired to prevent its being considered in evidence she should have objected to it on that ground or have made a motion to strike it from the record. The receipt of the proofs of death under the circumstances disclosed by the record was not error.

The question of waiver by the defendant does not arise as in *McClellan* v. *Mut. L. Insurance Co.* (217 N. Y. 336),

as it does not appear that the defendant or its agent acting in its behalf knew or were put upon inquiry as to the condition of health of the defendant's husband on the morning of February 14, when the premium was paid.

The judgment should be affirmed, with costs.

CRANE, J.   I concur in so far as the affirmance is placed upon the ground that the admission of the physician's testimony, even if it were incompetent, was harmless error.   It is virtually admitted that the insured was taken sick on February 13th, the day before the first premium upon the policy of insurance was paid in full, and, therefore, the physician's testimony added nothing to the fact.

HISCOCK, Ch. J., COLLIN and CARDOZO, JJ., concur with CHASE, J., and HOGAN and CRANE, JJ., concur also in memorandum by CRANE, J.; McLAUGHLIN, J., not sitting.

Judgment affirmed.