MARY SPARER, Respondent, *v.* THE TRAVELERS INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.

First Department, January 10, 1919.

Insurance — action upon life insurance — defense — material misrepresentation by insured in his application that he had not received medical or surgical attention within the past five years — exclusion of hospital records and testimony of surgeon under section 834 of the Code of Civil Procedure — admissibility of testimony of surgeon to establish the performance of an operation on the insured — when materiality of representation in application question of law — intent of applicant to deceive in making misrepresentation — effect of Insurance Law, section 58, upon law with reference to misrepresentation.

Where in an action to recover upon a policy of life insurance issued by the defendant upon the life of the plaintiff's husband who died after an operation, it appeared that the insured in his application stated that he had not received medical or surgical attention within the past five years, and that every declaration in his application was true, and that about three months prior to his application he had been in a hospital three weeks and there treated, the defendant's offer to prove by the operating and assistant surgeon and by the records of the hospital where the assured was operated upon after the issuance of the policy, the condition that he was in at the time of the operation was properly excluded under section 834 of the Code of Civil Procedure.

The record of the case at the hospital where the assured was treated prior to his application was also properly excluded.

But the plaintiff's counsel having consented, it was error for the court to exclude the defendant's offer to prove by the records of the hospital duly authenticated by the physician who made them, who was also the one who performed the operation prior to the issuance of the policy, that at said hospital at the time mentioned the said doctor performed an operation upon the assured. The doctor could not, however, have described the operation or any condition he observed which was necessarily disclosed by an inspection of the body of the insured.

In order to lay a foundation for the objection to evidence under section 834 of the Code of Civil Procedure, it must be developed that the physician attended the deceased in a professional capacity, and that the information concerning which the inquiry is made was necessary to enable him to act in that capacity.

It was error for the court to charge that the defendant must satisfy the jury that the representation was false, that the insured knew it to be false, that he made it with intention of deceiving the defendant, and that it was material and the defendant relied upon it.

The materiality of the representation that the applicant had not received medical or surgical attention within the last five years was a question for the court and not for the jury.

It is only when it is doubtful whether the representation is material that a question of fact arises which must be submitted to the jury.

The defendant in order to succeed did not have to prove that the misrepresentation was made with the intent to deceive.

The defense was an equitable one and any facts that would entitle the defendant to maintain an action to rescind the contract of insurance would afford a complete defense in an action brought upon the contract.

Section 58 of the Insurance Law has not changed the law with reference to misrepresentation by an insured in his application.

Even though the jury having had the question of the intent of the applicant to deceive submitted to it, found a lack of such intent, the verdict should not be allowed to stand, for even with that element out of the case, still the plaintiff could not succeed because of a misrepresentation of a material fact in reliance upon which the policy was issued.

APPEAL by the defendant, The Travelers Insurance Company of Hartford, Connecticut, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of May, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 31st day of May, 1918, denying defendant's motion for a new trial made upon the minutes.

*William J. Moran,* for the appellant.

*Abraham H. Sarasohn,* for the respondent.

Page, J.:

The action is brought by the widow of Hery Sparer to recover upon a policy of life insurance issued by the defendant upon his life, dated May 15, 1917. Sparer died December 15, 1917, after an operation for cancer of the stomach in St. Mark's Hospital. In answer to the questions in his application which is annexed to and becomes a part of the policy, Sparer answered as follows: " 11. I am in sound condition mentally and physically. I have never had any bodily or mental infirmity or deformity — except as herein stated. No.

" 12. I have not been disabled nor have I received medical or surgical attention within the past five years — except as herein stated. No."

After the insured presented the said application Dr. Barton, one of the defendant's medical examiners, called upon him and upon examination discovered a scar on his abdomen. The insured told the doctor that he had an operation in Austria two or three years before; otherwise the insured appeared to be a healthy man. Dr. Barton reported to the company and another medical examiner was sent to see the insured. Sparer told him that while on a visit to his mother in Austria he had a short illness with some intestinal disturbance, pain in the stomach and vomiting. He was taken to the hospital and an operation performed for an abscess which left the scar; that he was in the hospital a week or ten days and within a month he returned to America, and that the surgeons allowed him to eat anything a few days after the operation. The doctor, thinking this was a slight matter, recommended the granting of the policy. After notice of death was sent by the insured's son, it was discovered that about three months prior to his application he had been three weeks in Mt. Sinai Hospital in New York city, and that he was treated by Dr. A. A. Berg. This was all proved in the plaintiff's case. Defendant moved for a dismissal and the motion was denied.

The defendant then sought to prove by the operating and assistant surgeon at the St. Mark's Hospital and by the hospital records, the condition that the insured was in at the time of the operation. This was properly excluded

under section 834 of the Code of Civil Procedure. The defendant then called a physician who, at the time of the operation was a medical student, and in that capacity attended the operation. He testified that when Sparer's body was exposed on the operating table he saw the scar, and when the abdomen was opened it showed that an operation known as posterior gastro-enterectomy had been performed. He explained this to mean: " That is an operation which hitches up part of the intestines through the stomach, which is done in cases of diseases of the stomach, cancer or ulcer of the stomach, and there is also a part of the stomach removed," and on this occasion the doctors performed an " anterior gastro-enterectomy, that is, attaching the intestine to the anterior part of the stomach." The defendant tried to put in evidence the Mt. Sinai Hospital record of the case, which was properly excluded. The defendant's attorney then made the following offer of proof: " In view of your Honor's consistent rulings on the subject of privilege, I now offer to prove by the records of the Mount Sinai Hospital, duly authenticated by the physician who made them, Dr. A. A. Berg and who was also the physician, I claim, who performed the operation which we assert, performed the operation at said hospital between the dates already testified to; that at said hospital and between said dates the said doctor performed an operation upon the body of the assured herein."

The court asked plaintiff's counsel: " No objection is made by plaintiff to the fact that the proof is offered or the form of the offer?" Plaintiff's counsel responded: " No, sir," and the court excluded the proof and defendant excepted. While it would have been the better practice to have put Dr. Berg on the witness stand and asked questions, it was competent for the justice, with the consent of plaintiff's attorney, to accept and rule upon an offer of proof. I think the exclusion of the latter part of the offer of proof was erroneous.

The doctor could not have described the operation or any condition that he observed which was necessarily disclosed by an inspection of the body of the insured. He could have testified that he at a certain time performed an operation on the insured at the hospital. In *Klein* v. *Prudential*

*Insurance Co.* (221 N. Y. 453) the court held it was not error to allow a physician to testify that he attended the deceased on a certain day and that he was sick. And in *Patten* v. *United Life & Accident Insurance Association* (133 N. Y. 450) it was held that a physician could testify that he attended professionally upon the deceased at a given period of time and how many times he called and whether daily or hourly. In fact, that the physician attended the deceased in a professional capacity and that the information concerning which the inquiry is made was necessary to enable him to act in that capacity must be developed in order to lay a foundation for the objection under section 834 of the Code of Civil Procedure.

The court also erred in the charge to the jury. The court laid down as a rule of law that the defendant must satisfy them that the representation was false, that the insured knew it to be false, that he made it with intention of deceiving the defendant, that it was material and the defendant relied upon it. Upon the defendant's counsel taking exception to that portion of the charge the court said: "I think you attach undue importance to that because I said substantially to the jury that it is conceded that he had received some medical attention, and of course it is perfectly evident if he had, he must have known it, so that those two items are not elements that the jury is to consider. The real issue before the jury is whether the misstatement was made for the purpose of deceit, whether the company relied on it and whether it was material."

The application statement was annexed to the policy and contained this statement: "I hereby agree for myself and for any person who may have or claim an interest in any contract which may be issued upon this application as follows: * * * 2. That every declaration hereinabove contained is true." There can be no doubt that the representation that the applicant had not received medical or surgical attention within the last five years was a material representation, for had the truth in that regard been disclosed the company would not have issued its policy. Under these circumstances the materiality of the representation was a question for the

court and not for the jury. It is only when it is doubtful whether the representation is material that a question of fact arises which must be submitted to the jury. (*Armour* v. *Transatlantic Fire Ins. Co.,* 90 N. Y. 450, 457.) Therefore, this question should not have been submitted to the jury. Furthermore, in order for the defendant to succeed it did not have to prove that the misrepresentation was made with intent to deceive. The defense was an equitable defense; any facts that would entitle the defendant to have maintained an action to rescind the contract of insurance would afford a complete defense in an action brought upon the contract. The learned justice did not have in mind the distinction between an action at law for damages for false representation and a suit in equity to rescind a contract for misrepresentations. In the former it is necessary to prove that the representation was made with intent to deceive, while in the latter a misrepresentation of a material fact in reliance upon which the contract was made, even if made without intent to deceive, will be sufficient to set aside the contract. (*Bloomquist* v. *Farson,* 222 N. Y. 375, 380; *Armour* v. *Transatlantic Fire Ins. Co., supra.*) Section 58 of the Insurance Law (Consol. Laws, chap. 28; Laws of 1909, chap. 33; re-enacting Laws of 1906, chap. 326, § 16, adding to Gen. Laws, chap. 38 [Laws of 1892, chap. 690], § 58) has not changed the law with reference to misrepresentation. While not adopting the conclusion in the case, we find the effect of this amendment well expressed by Mr. Justice BLACKMAR: " The very purpose of the law seems to me to prevent a company avoiding its policies, unless either they are obtained by fraud in representations, in which case the representations fall under the law of warranty, or they are obtained by false representations which deceived the company into issuing a policy; in which case the law of rescission obtains. In the case at bar the jury have found on sufficient evidence that the representation was not fraudulent; therefore, the only question is whether the defendant has the right to rescind. * * * " (*Stanulevich* v. *St. Lawrence Life Assn.,* 183 App. Div. 111, 113.) Therefore, even though the jury having had the question of the intent of the applicant to deceive submitted to it and found a lack of such intent, the verdict should not

be allowed to stand, for even with that element out of the case, still the plaintiff could not succeed because of a misrepresentation of a material fact, in reliance upon which the policy was issued.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SHEARN and MERRELL, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.