BARBARA POLACHEK, an Infant, by HENRIETTA POLACHEK, Her
Guardian ad Litem, Plaintiff, *v.* THE NEW YORK LIFE INSUR-
ANCE COMPANY, Defendant.

Supreme Court, New York County, March 23, 1933.

*Boehm & Zeigler [Louis Boehm* and *David Rasch* of counsel], for the plaintiff.

*Louis H. Cooke [Kenneth deF. Carpenter* of counsel], for the defendant.

HAMMER, J. This action is upon a policy of life insurance of $20,000. The jury has found a verdict for the plaintiff. Defendant has moved to dismiss the complaint and also moved to set aside the verdict. Decision was reserved on both motions.

The policy was issued by the defendant upon the life of the infant plaintiff's father. The latter is deceased.

The application for such policy in which the applicant made all representations on behalf of himself and every person who could have or claim any interest in any insurance made thereunder, contains the following clause: " That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime, and then only if the applicant has not consulted or been treated by any physician since his medical examination."

On January 10, 1930, the application was signed. The medical examination was made on the same day. The defendant does not contend that any of the answers made to its medical examiner were false. The policy was written on January fourteenth and delivered on January fifteenth. On that date the premium was paid by check of Zoltan H. Polachek, a brother of the deceased. The insured died about midnight of January 22, 1930.

Dr. Lazarus, a physician, testified that the insured was treated by him for an ailment, three times, on January 12, 13 and 14, 1930, and that he was in attendance of the deceased at death. It was also stated that the doctor signed the death certificate. The three treatments were between the date of medical examination and the date of delivery of the policy and payment of the premium. About twelve days elapsed between the company's medical examination and the death, which occurred seven days after the treatment. The testimony of the physician as to the nature of the illness and the cause of death, as well as the proof of death furnished to the defendant showing same, were excluded upon the objection of plaintiff's counsel. The written proof was hearsay, and not binding on the infant plaintiff. (*Buffalo Loan, Trust, etc., Co.* v. *Knights Templar & Masonic Mutual Aid Assn.*, 126 N. Y. 450; *Davis* v. *Supreme Lodge K. of H.*, 165 id. 159, at p. 163.) The physician's information was precluded from disclosure.

Section 352 of the Civil Practice Act (formerly Code Civ. Proc. § 834) provides: " A person duly authorized to practice physic or surgery, or a professional or a registered nurse, shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity."

Section 354 of the Civil Practice Act (formerly Code Civ. Proc. § 836) provides that " A physician or surgeon or a professional or registered nurse, may upon a trial or examination, disclose any information as to the mental or physical condition of a patient who is deceased, which he acquired in attending such patient professionally, except confidential communications and such facts as would tend to disgrace the memory of the patient, when the provisions of section three hundred and fifty-two have been expressly waived on such trial or examination by the personal representatives of the deceased patient."

Neither the infant plaintiff nor the guardian *ad litem*, under the provisions of section 354, had the power to waive the prohibitions of section 352. (*Beil* v. *Supreme Lodge*, 80 App. Div. 609; *Saad* v. *New York Life Insurance Co.*, 201 id. 544; affd., 235 N. Y. 550; *McGowan* v. *Metropolitan Life Ins. Co.*, 141 Misc. 834.) Neither was the personal representative of the deceased. (*Holden* v. *Metropolitan Life Insurance Co.*, 165 N. Y. 13, 17.)

The prohibition against disclosure of information acquired in attending a patient in a professional capacity necessary to enable the physician or nurse to act in their capacity cannot be waived under section 354, except by the " personal representatives " of the deceased and then only at the trial when the evidence is offered.

(*Acee* v. *Metropolitan Life Insurance Co.*, 219 App. Div. 246.) The words " personal representatives " as used in section 354 apply only to executors and administrators. (*Sulz* v. *Mutual Reserve Fund Life Association*, 145 N. Y. 563, 574; *Matthews* v. *American Central Insurance Co.*, 154 id. 449, 456; *Griswold* v. *Sawyer*, 125 id. 411, 414.) The rule in respect of facts as to which it is competent for a physician to give testimony, as well as such as to which testimony should be excluded, is pointed out in a well-considered opinion in *Sparer* v. *Travelers Ins. Co.* (185 App. Div. 861). Incidents and facts plain to the observation of any one without expert or professional knowledge not otherwise tacitly or usually inviting or receiving confidence are not prohibited from disclosure. (*Klein* v. *Prudential Ins. Co.*, 221 N. Y. 449; *Patten* v. *United Life & Acc. Ins. Assn.*, 133 id. 450; *Becker* v. *Met. Life Ins. Co.*, 99 App. Div. 5.)

*New York Life Insurance Co.* v. *Watkin* (229 App. Div. 211; affd., 256 N. Y. 618) is a case very similar to that at bar. The beneficiary defendant there was the infant child of the deceased insured. The insurance company sued the infant by his guardian *ad litem*.

The latter was the mother of the infant and widow of the deceased. Here the parties are reversed. The plaintiff is an infant by her mother guardian *ad litem*. The same identical clause, and that by reason of breach thereof the insurance policy never took effect, is set up here as defense, which was the basis of the complaint there to rescind and cancel the insurance policy.

It was there held (at p. 214): " The policies of insurance in suit never took effect because the insured breached the condition precedent relating to consultations and treatments between the date of the medical examination and the date of the delivery of the policies and the payment of the first premiums thereon.

" The trial court erroneously ruled that plaintiff's failure to establish the nature of the deceased's ailment and the nature of the operation was ground for giving judgment for defendant.

" Plaintiff showed by proof of the facts of treatments and their date, by testimony as to the operation, and the confinement in the hospital and of the insured's sickness before the applications for the policies were signed, and before the policies were delivered and the first premiums thereon paid, that the misrepresentations were material."

In that case the mother-widow guardian *ad litem* testified and gave at least partially the true state of facts as to the ailment of the insured. In the instant case the guardian *ad litem* mother-widow brought the action into court. She had control of the cause and of the evidence. It is fair to assume that she was competent to give testimony to the extent of the evidence furnished by the

mother-widow in *New York Life Insurance Co.* v. *Watkin (supra)*. In control at least of that much evidence, she did not herself testify, and although she came and brought the six and a half year old infant to the court room, when the defendant, on the second day of the trial, sought within ten minutes after the opening of court, to call her as a witness, plaintiff's counsel, or a person with him, stated she had left the court room and her whereabouts were unknown. Her name was also called in the corridor outside the court room but was not answered.

The burden of proving fraud is upon the party asserting it. (*Sperling* v. *Boll*, 10 App. Div. 290; *Doheny* v. *Lacy*, 42 id. 218.) Fraud may be presumed in equity. It must be proved in law. (*Jackson* v. *King*, 4 Cow. 207.)

Concealment is not fraudulent unless the relations of the parties require the disclosure. (*Dambmann* v. *Schulting*, 75 N. Y. 55.)

Fraud in equity includes all acts, omissions and concealments involving a breach of legal or equitable duty, trust or confidence, justly reposed, and which are injurious to another or by which an undue and unconscientious advantage is taken of another. (*Matter of Hill*, 26 N. Y. St. Repr. 290.)

If one party shows that justifiable dependence was reposed in the other party by reason of legal or equitable obligations or trust relationship and that the act or instrument sought to be avoided was performed or executed in reliance thereon, such other party and the one claiming under him is bound to show affirmatively the absence of deception. (*Cowee* v. *Cornell*, 75 N. Y. 91.) Where there is evidence to justify an inference of fraud the failure of the party charged (or of the one claiming under such party) to produce evidence which he has in his possession or under his control and which would remove such inference, is sufficient to warrant a finding against him. (*National Bank of Rondout* v. *Dreyfus*, 14 Wkly. Dig. 160.)

Under the contract the insurance company justifiably reposed dependence and trust in the insured that he would make known the consultations with the physician and the nature of the ailment for which he was treated. The intentional withholding of a material fact constitutes a fraudulent concealment. It is well settled that there rests upon the insured the duty of disclosing to the company every fact *material* to the risk which comes to his knowledge at any time before the contract is finally closed, and the intentional omission to discharge such duty perpetrates a plain fraud upon the company which avoids the contract. (*Stipcich* v. *Metropolitan Life Ins. Co.*, 277 U. S. 311; *Piedmont, etc., Life Ins. Co.* v. *Ewing*, 92 id. 377; *Cable* v. *U. S. Life Ins. Co.*, 111 Fed. 19; *Equitable*

*Life Assur. Society* v. *McElroy,* 83 id. 631; *Smith* v. *Ætna Life Ins. Co.,* 49 N. Y. 211; *Penn Mutual Life Ins. Co.* v. *Mechanics' Savings Bank & Trust Co.,* 72 Fed. 413; *Mallory* v. *Travelers Ins. Co.,* 47 N. Y. 52; *Thorner* v. *Hancock Mutual Life Ins. Co.,* 164 App. Div. 34.)

In *Krauza* v. *Golden Seal Assur. Soc.* (221 App. Div. 380; affd., 247 N. Y. 536) it is stated (at p. 382): " The applicant's consultation * * * would be material as matter of law only if the consultation were for a physical condition which left some permanent weakness or indicated a predisposition to serious malady. If the consultation were for a temporary functional disorder, without permanent effect, it might not be a material fact." (Citing cases.)

We are considering then whether having the consultations and treatments between the date of the original examination and the date of the delivery of the policy and payment of premiums and concealing them breached the condition precedent in the clause quoted from the policy, and whether by reason thereof the policy never took effect.

It has been held that concealment by an insured subsequent to the application and prior to the delivery of the policy of a serious physical condition amounted to fraud. (*Goldstein* v. *New York Life Insurance Co.,* 176 App. Div. 813; affd., 227 N. Y. 575; *Equitable Life Insurance Co.* v. *McElroy,* 83 Fed. 631.)

In *Travelers Insurance Co.* v. *Pomerantz* (246 N. Y. 63, 69) it was held: " Plaintiff proved its case *prima facie* to the effect that the misrepresentation was material when it showed that within five years defendant had received medical attention a dozen times, that at least one medical consultation had been held, that digitalis had been prescribed in July, 1920, and that defendant was sick (*Klein* v. *Prudential Insurance Co.,* 221 N. Y. 449) when he received attention * * *. *Plaintiff proceeded as far as the law allows and far enough, in the absence of denial, to require a finding of material misrepresentation. All evidence is to be weighed according to the proof which it was in the power of one side to have produced and in the power of the other side to have contradicted.* (*Blatch* v. *Archer,* 1 Cowper, 63, 65; *Kirby* v. *Tallmage,* 160 U. S. 379, 383; *Matter of Jordan* v. *Decorative Co.,* 230 N. Y. 522, 526, 527.) " (Italics mine.)

In the *Pomerantz* case the defendant was living and called as a witness. He could himself have denied or explained the concealment or misrepresentation. He did not. In the case at bar defendant was not required to establish the nature of deceased's ailments or that same caused his death. (*New York Life Insurance Co.* v. *Watkin, supra.*) It produced every bit of evidence not

precluded or excluded by law. Thereafter plaintiff did not produce the evidence as to character of ailment and cause of death which was within plaintiff's control, and not available to defendant.

The claim of privilege against disclosure and the objections to the acceptance of the death certificate in evidence and of testimony concerning treatment and death were proper and may not be considered as in any wise helpful to defendant's case. It was the right of the plaintiff to object. Assume, however, that the deceased did die of a very serious malady, which the evidence, if admissible, would disclose, and even that the treatments disclosed were for such malady, the assurance company defendant had presented to it the proofs of death including the statement of the attending physician (Defendant's Exhibit 4 for identification) as part of the proof of death and had thus become aware of such malady. Under the exigencies of the case it could not prove the nature of same although it proceeded as far as the law allowed. Assume that the ailment was slight. Plaintiff had the evidence thereof within plaintiff's control and when defendant went as far as it was permitted plaintiff could have, but did not, show the nature of the ailment and that it was slight and not the cause of death.

The rules, applicable in civil actions generally, govern the admissibility of evidence by or against the guardian or ward. (28 C. J. § 456, p. 1267.) The rules also as to the burden of proof and the burden of going forward generally obtaining are applicable. (28 C. J. § 455, p. 1265.) The failure of a party to testify or give evidence within his control does not amount to an admission of the truth of the evidence of the other party. (*Meyer* v. *Minsky*, 128 App. Div. 589.) Evidence of material facts not proved is not supplied by such failure. *Prima facie* case must be made out by the party having the burden of the proof. It will not be established by indulging in an inference drawn from the other party's omission to offer evidence. (*Loper* v. *Askin*, 178 App. Div. 163.) Positive testimony is not negatived thereby. (*Bleecker* v. *Johnston*, 69 N. Y. 309.) The failure is to be considered by the jury in determining a question of fact upon which the testimony would throw light. Where a party knows the truth and at the trial omits to speak, every inference warranted by the evidence should be indulged against him. (*Mullen* v. *Quinlan*, 195 N. Y. 109; *Nutting* v. *Kings Co. E. R. Co.*, 21 App. Div. 72; *Wylde* v. *Northern Railroad Co.*, 53 N. Y. 156.)

If the failure to testify or furnish evidence is satisfactorily explained, no unfavorable inference may be drawn. (*Brown* v. *Barse*, 10 App. Div. 444; *Woodruff* v. *Hurson*, 32 Barb. 557.)

In the instant case the defendant presented all the evidence per-

mitted by law, but the plaintiff, in control of evidence of the true facts, gave no testimony in contradiction or in explanation for not producing same.

By the quoted clause an agreement was reached between the parties that the insurance would not take effect upon delivery and payment if the applicant had consulted or been treated by a physician since his medical examination. The policy was delivered in reliance thereon. Information as to consultation or treatment could only come from the applicant. It seems unreasonable, perhaps absurd, to believe that any insurance company, if it were informed that within the week between the medical examination and the date of its readiness to deliver the policy the applicant on three successive days had consulted and been treated by a physician for an ailment, would deliver its policy for $20,000 unless it was advised of the nature of the ailment and convinced it was slight and passing, and not likely to become serious or to result in death. Since it also appears that the insured died a week after the known medical treatments, with the same physician in attendance, and the defendant has gone as far as the law allows to show the nature of the ailment and the cause of death, it has established *prima facie* the intentional withholding of a material fact. In the absence of proof or explanation thereof by the plaintiff, who has control of such evidence, defendant has shown the ailment was of such a serious character as that concealment of the consultations was a fraud. Not to hold that the defendant, under the circumstances and the state of the evidence as the case was submitted to the jury, was in fact entitled to a finding in its favor would seem to allow, encourage and condone fraud. The situation which, under the facts here and the authorities quoted, is presented then is that the defendant has proceeded as far as the law allows and far enough, in the absence of denial or explanation, to make out a *prima facie* case of fraudulent concealment. I am convinced that the serious character of the ailment was not shown as matter of law. Justice, therefore, requires that the verdict be set aside and a new trial ordered at which each side will have the opportunity to present all the evidence obtainable or within its control. (*Travelers Insurance Co.* v. *Pomerantz, supra.*)

Motion to dismiss is denied. Motion to set aside verdict and for new trial is granted. Each party may have an exception. Cause will be placed on ready calendar for April 24, 1933. Settle order.