EMMA ENTIAN, Plaintiff, *v.* PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA, Defendant.

City Court of New York, Bronx County, April 22, 1935.

*Rudin, Pollack & Singer* [*D. Rudin* of counsel], for the plaintiff.

*Tanner, Sillcocks & Friend* [*Leonard W. Gardner* of counsel], for the defendant.

SCHACKNO, J.   This action is brought to recover upon a policy of insurance issued by the defendant upon the life of Fred Berger. The plaintiff was named as the beneficiary.   The application for the policy was dated November 28, 1932, and December 1, 1932.

The policy was dated December 2, 1932, but was not delivered until December 15, 1932.   The insured died on March 1, 1934, at the Metropolitan Hospital, Welfare island, New York city, from pulmonary tuberculosis.

Defendant contends that the policy is void, because of untruthful statements of material facts made by the insured on his application for such insurance, and fraud in the procurement of the policy.

The application for the insurance in question was subscribed by the insured and was attached to and made a part of the policy.   The statements made by him for the insurance constituted representations and if they were material and untrue, they vitiated the policy, and this is so, even if the insured had no intent to defraud the defendant.   It is well settled that an insurer, which makes inquiry as to the prior medical treatment of an applicant for insurance, is entitled to truthful answers, so that, with full information at hand, it may exercise its own judgment as to whether it cares to assume the risk.   (*Spipcich* v. *Metropolitan Life Ins. Co.*, 277 U. S. 311; *Anderson* v. *Ætna Life Ins. Co.*, 265 N. Y. 376; *Keck* v. *Metropolitan Life Ins. Co.*, 238 App. Div. 538; affd., 264 N. Y. 422; *Jenkins* v. *John Hancock Mutual Life Ins. Co.*, 257 id. 289; *Minsker* v. *John Hancock Mutual Life Ins. Co.*, 254 id. 333; *Saad* v. *New York Life Ins. Co.*, 201 App. Div. 544; affd., 235 N. Y. 550; *Guardian Life Ins. Co. of America* v. *Katz*, 243 App. Div. 11; *Polachek* v. *New York Life Ins. Co.*, 147 Misc. 16; affd., 240 App. Div. 1028.)

The insured in his application was asked, " 23. Give names and addresses of all Physicians and Medical Attendants he consulted during the last three years, and dates of consultations;" the answer to this question was " None."   A few weeks prior to his application to the defendant, he consulted a physician, who prescribed for him

and recommended that he have X-ray pictures taken. The answer to question " 23 " was untrue; it was material to the risk; being untrue, it defeats a recovery on the policy. (Authorities *supra*.)

The waiver by the plaintiff was of no effect; the plaintiff was not authorized to waive the statutory prohibition against disclosure of privileged communications between the insured and Dr. Wallerstein; this may only be done by the " personal representatives " of the deceased patient and only on the trial when the evidence is offered. The words " personal representatives " apply only to executors and administrators. (Civ. Prac. Act, §§ 352, 354; *Polachek* v. *New York Life Ins. Co.*, 147 Misc. 16; affd., 240 App. Div. 1028.) The testimony of Dr. Wallerstein as to his having been consulted by the insured and as to his having prescribed for him and recommended the taking of X-ray pictures was not privileged and was admissible. (*Klein* v. *Prudential Ins. Co.*, 221 N. Y. 449; *Patten* v. *United Life & Accident Ins. Assn.*, 133 id. 450; *Sparer* v. *Travelers Ins. Co.*, 185 App. Div. 861.)

The conclusion reached makes it unnecessary to discuss the other misrepresentations made by the insured, any one of which would prevent a recovery in this action.

Judgment for defendant.