Benjamin H. Roth, Plaintiff, *v.* Equitable Life Assurance Society of the United States, Defendant.

Supreme Court, Special Term, New York County, July 6, 1944.

*Leo D. Fitzgerald* for defendant.

*Lewis, Marks & Kanter* for plaintiff.

HECHT, J. This is a motion by the defendant for summary judgment dismissing the complaint. The original affidavits of Drs. Hyman, Ryan and Atchley will be disregarded (see motion to strike out, decided simultaneously herewith, N. Y. L. J., July 7, 1944, p. 37, col. 6) and the revised affidavits of said physicians considered in their stead.

The defendant's affidavits establish that the insured made misrepresentations in order to induce the defendant to issue its policy. Section 149 of the Insurance Law, enacted within the past few years (L. 1939, ch. 882), expressly provides (subd. 2) that " No misrepresentation shall avoid any contract of insurance or defeat recovery thereunder unless such misrepresentation was material " and that " No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract." The section further provides (subd. 3) that " In determining the question of materiality, evidence of the practice of the insurer which made such contract with respect to the acceptance or rejection of similar risks shall be admissible." Pursuant to section 149 the defendant has submitted an affidavit by its assistant medical director, Dr. Beckwith, stating that if the defendant at the time it considered the insured's application and approved the same had known various facts which appear in the *original* affidavits of Drs. Hyman, Ryan and Atchley, the application would not have been approved and the policy would not have been issued. No similar affidavit of Dr. Beckwith is submitted in regard to the facts which appear in the revised affidavits of said physicians and it is not entirely clear to what extent, if any, the conclusions arrived at in Dr. Beckwith's affidavit are affected by the revision of the original affidavits upon which said conclusions are predicated. Even apart from this circumstance, however, the plaintiff should not be precluded by the statements contained in Dr. Beckwith's affidavit from an opportunity of showing at the trial, through cross-examination or otherwise, that the misrepresentations on the part of the assured established by the revised affidavits and by defendant's other proof would not have led to a refusal by the insurer to make such contract. Plaintiff may be able, through cross-examination or otherwise, to show that the practice of the insurer was to accept similar risks. (See Insurance Law, § 149, subd. 3.) The facts regarding the defendant's practice with respect to the acceptance or rejection of similar risks are peculiarly within the knowledge of the defendant and outside that of the plaintiff. Under such circumstances, plaintiff should not be denied an opportunity of at least cross-examining the defendant's witnesses regarding the defendant's practice with respect to the acceptance or rejection of similar risks. Cases such as *Reznikoff* v. *Equitable Life Assur. Soc.* (267 App. Div. 785) and *Peck* v. *Metropolitan Life Ins. Co.* (38 N. Y. S. 2d 311) are inapplicable here since they relate to directions of verdicts after *trial.*

No presumption that the insured's misrepresentations were material is justified here on the basis of the last sentence of section 149 which reads as follows (subd. 4): "If in any action to rescind any such contract or to recover thereon, any such misrepresentation is proved by the insurer, and the insured or any other person having or claiming a right under such contract shall prevent full disclosure and proof of the nature of such medical impairment, such misrepresentation shall be presumed to have been material." The plaintiff here, the beneficiary of the policy, is not shown to be the personal representative of the insured's estate. Under section 354 of the Civil Practice Act the only one who may waive the insured's privilege is his personal representative. (*Acee* v. *Metropolitan Life Insurance Co.*, 219 App. Div. 246; *Entian* v. *Provident Mut. L. Ins. Co. of Philadelphia*, 155 Misc. 227; *Saad* v. *New York Life Insurance Co.*, 201 App. Div. 544; *Polachek* v. *New York Life Ins. Co.*, 147 Misc. 16, affd. 240 App. Div. 1028.) Having no power or right to waive the privilege of the deceased insured granted by section 352 of the Civil Practice Act, the plaintiff may not be held to have prevented full disclosure and proof of the nature of the insured's medical impairment within the meaning of the last sentence of section 149 of the Insurance Law. The making of the motion to strike out matters which violate the privilege does not constitute a prevention of full disclosure within the meaning of the statute, since the court would be obliged even in the absence of such a motion to disregard the affidavits of the physicians to the extent that they violate the deceased's privilege. No evidence whatsoever is submitted that plaintiff has in any way attempted to influence the personal representatives of the deceased insured to refrain from waiving the privilege. The case of *Engl* v. *Aetna Life Ins. Co.* (139 F. 2d 469) appears to be distinguishable. Apparently the plaintiff in that case had the right to waive the privilege for it was her contention (p. 470) " that she was not compelled to disclose her case in advance of trial, and specifically that she was not required, before that time, to waive her privilege as to permitting the doctors to testify * * *." The above-quoted language indicates that plaintiff, probably as the personal representative of the insured, possessed the right to waive the privilege.

The motion for summary judgment dismissing the complaint is accordingly denied.