■ MONA L. LOPEZ et al., Respondents, v JOSE OQUENDO, Appellant, et al., Defendant. [690 NYS2d 584] —Order, Supreme Court, New York County (Helen Freedman, J.), entered September 30, 1997, which directed defendant Jose Oquendo to produce all medical and hospital records relating to care and treatment he received after an automobile accident in which he and the two named plaintiffs were injured, and order, same court (Joan Madden, J.), entered June 10, 1998, directing defendant to comply with the prior order, unanimously modified, on the law and facts, solely to direct defendant Jose Oquendo to produce medical and hospital records for an in camera examination by the Supreme Court, and otherwise affirmed, without costs or disbursements.

A litigant does not waive the physician-patient privilege merely by defending a personal injury action in which his or her mental or physical condition is in controversy unless the litigant "affirmatively asserts the condition either by way of

counterclaim or to excuse the conduct complained of by the plaintiff" (*Koump v Smith*, 25 NY2d 287, 294).

Defendant Oquendo denied being intoxicated, although plaintiffs asserted that he was. The Court of Appeals has found that a waiver of the privilege is not affected merely by a plaintiff showing that a defendant's physical condition is genuinely "in controversy" within the meaning of the statute permitting discovery of medical records (CPLR 3121 [a]; *Dillenbeck v Hess*, 73 NY2d 278). However, in that case, the defendant claimed to have no memory of the events occurring prior to the accident. The Court of Appeals concluded that "[d]efendant cannot be said to have waived the privilege simply by denying the allegations in the complaint or by testifying that she cannot remember any details of the incident *where the fact of her memory loss is not being advanced to excuse her conduct* (*Koump v Smith*, 25 NY2d, at 294, *supra*)" (*Dillenbeck v Hess, supra,* at 289; emphasis added). By contrast, in this case, although defendant claimed to have blacked out after the incident, he also claimed he swerved as a result of being cut off by an unknown vehicle causing him to crash his car into a wall severely injuring the two plaintiffs. Thus, defendant Oquendo did not assert the blanket failure of memory as in *Dillenbeck*, but claimed the negligence of another party as the cause of the accident while at the same time asserting his absence of any other memories.

Accordingly, we find that since defendant asserted at a deposition that he had a memory of events sufficient to excuse his actions (swerving to avoid another automobile), but that his memory failed upon being held to account for the operation of his own automobile, we find that defendant *has* asserted his physical condition, i.e., a lack of memory, in defense of his actions, unlike the defendant in *Dillenbeck*.

We modify to direct in camera inspection by the IAS Court solely to insure that non-relevant medical information is not unnecessarily disclosed. Concur—Sullivan, J. P., Nardelli, Lerner and Rubin, JJ.