█ ERIC GOLDIN, Respondent-Appellant, v EDILIO MEJIA, Appellant-Respondent. (And Another Action.) [743 NYS2d 13] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered November 20, 2001, which denied defendant's motion to, inter alia, stay nonparty depositions and granted plaintiff's cross motion to permit the deposition of certain hospital personnel concerning particular entries in medical records, unanimously modified, on the law and the facts, to vacate that portion of the order permitting discovery of the circumstances surrounding the recording of an entry in which defendant was reported to have admitted drinking alcohol, and to direct that all depositions are to be supervised by a court-appointed referee, and otherwise affirmed, without costs.

It is alleged that defendant Mejia, driving while intoxicated, severely injured plaintiff Goldin in an auto accident. Goldin has sought to obtain medical records generated when Mejia was admitted into the hospital in the aftermath of the accident, including the results of a blood alcohol test, and depositions of certain treating medical professionals about entries made in the hospital records.

The motion court properly found that the entries containing observations made about Mejia's physical condition and immediate surroundings, including that Mejia was unable to follow commands and that urine was present on the bed and on the floor of his room, were not privileged, because they were observations of circumstances discernible without professional knowledge (*see, Klein v Prudential Ins. Co.*, 221 NY 449, 453).

On the other hand, the admission by Mejia that he had been drinking alcohol was made during the course of treatment, and was thus privileged under CPLR 4504. While the individual who made the entry may testify as to Mejia's readily observable physical condition, comments made in response to questions seeking to elicit medical information may not be the subject of inquiry.

Contrary to plaintiff's contentions, defendant did not place his condition in controversy and thereby waive his privilege. Defendant's version of the events contradicts plaintiff's, but defendant's recitation was not selective as to what was remembered (*cf., Lopez v Oquendo*, 262 AD2d 24, 25).

To the extent that plaintiff believes public policy requires the abrogation of the privilege in these circumstances, the appropriate forum for consideration of the proposed modification is the Legislature.

Finally, defendant's request for dismissal or disqualification of plaintiff's counsel, made in the reply papers, was properly rejected by the IAS court on the merits. In view of the acrimonious tenor of this litigation, however, we direct that any depositions are to be conducted under the supervision of a court-appointed referee. Concur—Mazzarelli, J.P., Sullivan, ELlerin, Wallach and Gonzalez, JJ.