■ BETHANY SCHILLING, Respondent, v JOSHUA QUIROS et al., Appellants. [804 NYS2d 69]—

Orders, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered June 16, 2004 and January 6, 2005, which, inter alia, granted plaintiff's motion to compel defendants to provide a response to plaintiff's demand and authorization respecting defendant Quiros's eyesight and eyeglass prescriptions, granted plaintiff's cross motion for an adverse inference charge against defendants for their failure to provide such a response, and denied defendants' motion to compel plaintiff to respond to defendants' supplemental discovery requests dated September 7, 2004, unanimously affirmed, without costs.

The court properly directed production of authorizations respecting defendant Quiros's eyesight and eyeglass prescriptions where his visual perception of the subject motor vehicle accident was placed in controversy in such a way as to effect a waiver of the physician-patient privilege (*see Lopez v Oquendo*, 262 AD2d 24, 25 [1999]). Defendants' willful failure to comply with the directed discovery respecting Quiros's eyesight and eyeglass prescriptions warranted an adverse inference.

While defendants' September 7, 2004 supplemental discovery demands were served prior to the filing of the note of issue, the filing of the note of issue was delayed by reason of defendants' noncompliance with court directives. In view of that circumstance, the court's election to treat the supplemental demands as null and void constituted a proper exercise of discretion. In any event, the supplemental demands were not proper inasmuch as they sought disclosure respecting completely unrelated prior injuries as to which substantial discovery had already been conducted.

We have considered defendants' remaining arguments and find them unavailing. Concur—Saxe, J.P., Marlow, Nardelli, Gonzalez and Sweeny, JJ.